# CITY OF HAVANA

v.

## MILROY VANLANINGHAM.

1. ORDINANCE—COMMON CARRIERS.— Ordinances which are designed to operate upon those who hold themselves out as common carriers in a city for hire, and to so regulate them as to prevent extortion and wrong to strangers and others compelled to employ them in having their property or persons carried from one part of the city to another, come properly under a rightful exercise of the police power.

2. SAME.—Where appellee was in no legal sense a common carrier, but being the owner of a livery stable let two of his teams to another person to be used for the temporary purpose of hauling and securing a quantity of ice. *Held*, that he was not within the terms or spirit of the ordinance.

APPEAL from the Circuit Court of Mason county ; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed October 5, 1885.

Mr. S. A. MURDOCK and Mr. HUGH FULLERTON, for appellant.

Mr. E. A. WALLACE, for appellee ; as to the construction of the ordinance, cited Joyce v. East St. Louis, 77 Ill. 176 ; Farwell v. City of Chicago, 71 Ill. 269 ; City of Collinsville v. Cole, 78 Ill. 114.

WALL, P. J. This was a suit to recover a penalty for violating an ordinance of the city of Havana. The ordinance provides that "no person shall pursue the occupation of carrying goods or property for hire in any vehicle from one place to another, or shall keep, own or use any dray, wagon or other vehicle for the purpose of carrying goods or other property for hire from one place to another within the city, without a license, under a penalty," etc., and was passed in pursuance of the power contained in clause 42, Sec. 62, Ch. 24, R. S., which authorized the city to " license, tax and regulate hackmen, draymen, omnibus drivers, carters, cabmen, porters, and all

pursuing like occupations, and prescribe their compensation." Such ordinances adopted under like authority have several times been considered by the Supreme Court, and it has been held that they are designed to operate upon those who hold themselves out as common carriers in the city for hire, and to so regulate them as to prevent extortion, imposition and wrong to strangers and others compelled to employ them in having their property or persons carried from one part of the city to another, and this is said to be a rightful exercise of the police power. Farwell v. City of Chicago, 71 Ill. 269; Joyce v. City of East St. Louis, 77 Ill. 156; City of Collinsville v. Cole, 78 Ill. 114; Cooley on Const. Lim., 201.

The appellee was not engaged in the occupation of carrying property for hire, nor did he keep his vehicles for that purpose within the meaning of the ordinance. He was in no legal sense a common carrier, but being the owner of a livery stable, hired two of his teams to another person to be used for the temporary purpose of hauling and securing a quantity of ice. He was not within the terms or spirit of the ordinance, and was properly acquitted.

The judgment is affirmed.