## CITY OF EAST ST. LOUIS

### v.

## LORENZ BUX.

*Municipal Corporations—Ordinance—License—Truckman.*

In a controversy touching the violation of a municipal ordinance, requiring truckmen and other common carriers to be licensed, this court holds that the penalty provided for was intended to be imposed upon those only who carried on business within a given municipality without a license, and that defendant, who hauled goods from another city wherein he was licensed, to a depot within the boundaries of complainant, could not be considered as having been guilty of a breach of said ordinance.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

Messrs. C. B. CARROLL and AUGUST BARTHEL, for appellant.

The sole question before this court to be decided is, has the city of East St. Louis the power under the laws to impose a license tax on common carriers doing business within its limits, or is it restricted in the imposition of such license tax to its own citizens, pursuing the vocation of common carriers? We feel satisfied that the intention of the statute is to give the city a right to pass ordinances imposing a license tax on the non-resident as well as the resident carrier. The decisions of our Supreme Court all sanction the licensing of common carriers. Gartside v. City of East St. Louis, 43 Ill. 47; Farwell v. City of Chicago, 71 Ill. 269.

It is a rightful exercise of the police powers of a city to impose such license. Cooley, Con. Lim., 201 ; City of Collinsville v. Cole, 78 Ill. 114; Joyce v. City of East St. Louis, 77 Ill. 156.

Mr. JAMES M. HAY, for appellee.

City of East St. Louis v. Bux.

The meaning of the ordinance is, no person doing the business of transporting for hire within the city shall haul from a place within to a place without, or from a place without to a place within the city without having obtained license, as well as if he hauls from place to place within the city. Farwell v. City of Chicago, 71 Ill. 269. The language of that case is: "The spirit of the ordinance is, to bring the class of carriers therein named under the police regulations of the city. It is designed to operate upon those who hold themselves out as common carriers in the city for hire." The court further says: "Nor could they be compelled to carry for any one." Could Bux be compelled under his license from the city of Belleville to haul anywhere outside the city? Bux's going to the city of East St. Louis with a load for pay once or twice a year, or not as often, would be likened to the farmer in City of Collinsville v. Cole, 78 Ill. 272. He is not a common carrier as to East St. Louis. City of St. Charles v. Nolle, 51 Mo. 122.

The instruction given for appellee states the law as applicable to the case. The rule contended for by appellant would be unjust as well as most inconvenient. Parties living in East St. Louis wishing to move to Belleville, or parties living in Belleville desirous of moving to East St. Louis, would be forced to use the railways, or endeavor to find some person who was not a common carrier in either of the cities, and who would not necessarily be properly equipped for the work of moving furniture, because the traffic in that line is not sufficient to justify a common carrier in taking out a license in both cities. Besides he would have to take a license out for passing through the village of New Brighton, through which he would have to pass. This class of ordinances is upheld in the interest of the public welfare, and should receive such construction as promotes it and accommodates the public. The authorities cited sustain this view and we think the instruction given by the court below on behalf of defendant is sound and will receive the sanction of this court.

GREEN, P. J. The jury found defendant Bux not guilty of violating the city ordinance, judgment was entered on the

verdict and the city took this appeal. The complaint charged that Lorenz Bux on August 21, 1891, did run a vehicle in the city of East St. Louis without having a license, in violation of Sec. 668 of the city ordinance. This section provides that no person shall engage in or follow the occupation of transporting goods, merchandise, or other property in any vehicle, or shall keep, own or use any vehicle for the purpose of carrying goods, merchandise or other property from one place to another within the city of East St. Louis or from places within to places without, or from places without to places within the city, without having obtained a license therefor from the city, under a penalty not less than $5 nor more than $200 for each offense. This ordinance was enacted by virtue of the following power granted to city councils in this State : " To license, tax or regulate, hackman, drayman, omnibus drivers, carters, cabmen, porters, expressmen, and all others pursuing like occupation, and to prescribe their compensation." It is quite evident the power granted is limited to the licensing, taxing and regulating the business or vocation of common carriers within a city, and the penalty referred to in Sec. 668 is intended to be imposed upon those only who engage in, or carry on the business of common carriers within the city of East St. Louis without a license. Farwell v. City of Chicago, 71 Ill. 269; City of Collinsville v. Cole, 78 Ill. 114. And in Joyce v. City of East St. Louis, 77 Ill. 156, it is said in the opinion : " Under the rule of strict construction the authority to license applies to those vehicles used for hire by common carriers in the city for hire." The proof in this case fails to establish the violation charged. Bux resided in the city of Belleville, and carried on his business of common carrier there, under a license issued to him by that city. He did not engage in the business of common carrier in East St. Louis, nor keep, own, or use, any vehicle for the purpose of carrying on such business in that city, nor advertise that he was doing so. The only load hauled by him into that city, so far as disclosed by the evidence, was a load of furniture, hauled from Belleville to the depot of the Chicago & Alton Railroad Co., belonging to a resident of Belleville who was moving to Jacksonville, Illi-

nois.   The instruction given for defendant correctly stated
the law, and the modification of plaintiff's fifth instruction was
proper.

*Judgment affirmed.*