## Anne O'Neill v. James C. Sinclair.

1. REAL ESTATE BROKER—*Excess of a Fixed Price.*—The owner of real property agreed with a broker to give him all he got over a certain price for it. He procured a buyer who paid a sum for it in excess of a stipulated price. It was held that the broker was entitled to the excess.

2. SAME—*Compensation When Serving Vendor and Vendee.*—A real estate broker having no discretion nor undertaking to use any endeavor to get for his principal anything but the price fixed, and no reliance being placed upon him that he would endeavor to do aught save the one authorized thing, it was held that his agency involved no duty but to accomplish a sale upon the terms fixed, and having done so he is entitled to be paid the agreed commission, although he may have also served the purchaser.

3. SAME—*Who is, Under Chicago Ordinances.*—A single sale does not, within the meaning of the Chicago ordinance, constitute one a real estate broker, where he has not held himself out as such broker, but merely done what he was asked by certain persons to do.

**Memorandum.**—Assumpsit for broker's commission. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

APPELLANT'S BRIEF, JESSE HOLDOM, ATTORNEY.

To be secretly in the service of the opposing party, while ostensibly acting for his principal only, is a fraud upon the latter and a breach of public morals, which the law will not tolerate. If, therefore, each of the parties to a transaction was entirely ignorant of the broker's relations to the other, such double services on the part of the broker will defeat his right to recover commissions from either of them. If one of the parties only was ignorant, he will certainly be absolved from the duty to pay commission. Sell v. McConnell, 37 Ohio St. 396; Rice v. Wood, 113 Mass. 133; Scribner v. Collar, 40 Mich. 375; Lynch v. Fallon, 11 R. I. 311; Meyer v. Hanchett, 39 Wis. 419; Raisin v. Clark, 41 Md. 158; Walker v. Osgood, 98 Mass. 348; De Steiger v. Hollington, 17 Mo. App. 382; Webb v. Paxton, 36 Minn.

532; Morrison v. Thompson, L. R., 9 Q. B. 480, 10. Eng. Rep. 129; Robbins v. Sears, 23 Fed. Rep. 874; Bates v. Copeland, 4 McArth. (D. C.) 50; Collins v. Fowler, 8 Mo. App. 588; Farnsworth v. Hemmer, 1 Allen (Mass.), 494.

The question necessary to decide in determining who is a real estate broker is: Is the procuring of a purchaser, a step or element in the selling of real estate or in the negotiation of the sale of real estate? and it is apparent that it is. In order to negotiate for a sale the procuring of some one who desires to purchase real estate is essential, and in order to make a sale the procuring of a purchaser is a *sine qua non*. In most cases all that the broker does is to procure a purchaser satisfactory to his principal, and when he does this he is entitled to his commission. McConaughy v. Mehennah, 28 Ill. App. 169; Carter v. Webster, 79 Ill. 435; Green v. Hollingshead, 40 Ill. App. 195.

Appellee's Brief, T. A. Moran, Attorney.

Appellee contended that he was engaged upon special terms by appellant to find a purchaser for her property at a certain sum fixed and agreed upon; therefore he can legally receive compensation from appellant, even when he has acted as agent for the person who purchased from her where each is ignorant of his employment by the other. Mechem's Agency, Sec. 973; Rupp v. Samson, 16 Gray, 398; Siegel v. Gould, 7 Lansing, 177; Ranney v. Donovan, 78 Mich. 318; Montross v. Eddy, 94 Mich. 100; Haviland v. Price, 26 N. Y. S. 757.

A person who is not engaged in exercising the business of a real estate broker in Chicago, may recover compensation for services rendered in finding a purchaser for the real estate of another under a special contract without being licensed as a real estate broker. Chadwick v. Collins, 26 Pa. St. 138; Sheples v. Scott, 85 Pa. St. 329; Johnson v. Hulings, 103 Pa. St. 498; Love v. State, 20 S. W. Rep. 978; Eldorado Co. v. Meiss, 54 Pac. Rep. 716; Graham v. State, 13 So. Rep. 883; City of East St. Louis v. Box, 43 Ill. App. 276; Jackson v. Hough, 18 S. E. Rep. 475.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee is, and for many years had been, in the hardware business in Chicago; he was induced by one Alexander to procure appellant to agree to sell certain property she owned, and to fix a price thereon. It seems to have been understood between appellee and Alexander that if appellee succeeded in his undertaking, he was not to be paid by Alexander, but that if Mrs. O'Neill concluded to sell and appellee brought to her Alexander as a purchaser, appellee, it was believed, would be able to obtain from her a commission for the sale thus made.

Appellee talked with Mrs. O'Neill at various times for several years about the sale of her property. He did not inform her that he knew that Alexander would like to buy it, and he does not seem to have been bound to tell her this, because during these years he was in no wise engaged or authorized by her to sell the property or to negotiate in respect thereto. Not being in any respect her agent he did not owe to her any duty of which the law can take notice. They were neighbors and their duties toward each other in respect to this matter were equal. She was under no obligation to him, and he owed no duty to her.

Had he gone out, found and brought to her a purchaser, ready and willing to pay an acceptable price, she, having neither engaged nor promised anything to appellee, might have sold to such purchaser without being bound to compensate appellee for what he had done, because she had never authorized him to do anything in respect to said property, and had not known he was doing anything.

Finally, she one day told appellee that she would sell the property for $200,000. Appellee asked her if she would pay him a commission if he sold the property for that sum; she replied that she would not; that she would have $200,000 clear. He then asked her if he got $205,000 if she would give him $5,000; she told him that she would.

Appellee brought Alexander to her, a contract of sale was made and carried into execution, she being paid $205,000

O'Neill v. Sinclair.

by Alexander for her property. It does not clearly appear that appellee ever had a claim against Alexander for compensation from him. The relation between him and Alexander seems to have been that he knew that Alexander wished to buy, and that Alexander thought it best that Mrs. O'Neill should not know of this. Alexander gave him the opportunity to obtain a commission if he brought from Mrs. O'Neill an offer which he, Alexander, accepted, appellee endeavoring to get as low an offer as he could. Appellant does not seem to be dissatisfied with what appellee did, but to have withheld payment because of the claim of another party, to commissions.

Not having been authorized by her to negotiate a sale, or to do anything except to sell for a fixed price and upon fixed terms, viz., all cash, he was not bound to do anything save to endeavor to carry out her expressed wish, and is entitled to the reward promised for having obtained for her the price she asked.

Having in his agency for appellant no discretion, not undertaking to use any endeavor to get for his principal anything but the price she had fixed, no reliance being placed upon him that he would endeavor to do aught save the one authorized thing, his agency involving no duty but to accomplish a sale for $200,000, for net cash, he is entitled to be paid the agreed sum, although he may have also served the other party. Mechem's Agency, Sec. 973; Rupp v. Samson, 16 Gray, 398; Siegel v. Gould, 7 Lansing, 177; Ranney v. Donavan, 78 Mich. 318; Montross v. Eddy, 94 Mich. 100; Haviland v. Price, 26 N. Y. S. 757.

At the time this sale was made there was in force in Chicago an ordinance as follows:

"Be it ordained by the city council of the city of Chicago:

Sec. 1. It shall not be lawful for any person to exercise within this city the business of a money changer or banker, broker, or commission merchant, including that of merchandise, produce or grain broker, real estate broker and insurance broker, without a license therefor.

Sec. 3. A real estate broker is one who for commission or other compensation, is engaged in the selling of or negotiating sales of real estate belonging to others, or obtains or places loans for others on real estate."

Appellee did not have a license. The definitive clause of the ordinance does not seem to include a person who has had to do with only one sale.

A single sale does not, within the meaning of the ordinance, constitute the exercise of the business of a real estate broker, where the person has not held himself out as such broker and has merely done what he was asked by a certain person to do. Chadwick v. Collins, 26 Pa. St. 138; Sheples v. Scott, 85 Pa. St. 329; Johnson v. Hulings, 103 Pa. St. 498; Love v. State, 20 S. W. R. 978; Eldorado Co. v. Meiss, 54 Pac. R. 716; Graham v. State, 13 So. R. 883; City of East St. Louis v. Box, 43 Ill. App. 276; Jackson v. Hough, 18 S. E. R. 475.

Appellee is not within the terms of the ordinance; he never claimed or held himself out to be a real estate broker; he has obtained a customer for one piece of property, at the price and the terms given to him by the owner, and is entitled to receive the compensation appellant promised to give him for bringing such customer to her.

The judgment of the Superior Court is affirmed.