## City of Cairo v. Adams Express Company.

1. CITIES AND VILLAGES—*Power to License Carriers Limited to the City Limits.*—Under Par. 42, Art. 5, Sec. 1, Ch. 24, R. S., authorizing cities and villages to license, tax and regulate expressmen and all others pursuing like occupations, the power of the city is limited to the licensing, taxing and regulating the business as carried on within the city limits, and that those only who carry on that business within such limits, can, by virtue of the statute, be required to pay a license for the privilege.

2. SAME—*Ordinance Licensing Carriers—Application.*—An ordinance providing that every person, copartnership or corporation carrying on the express business in the city of Cairo shall be deemed an expressman or expressmen, and it shall be unlawful for any such expressman or expressmen to carry on the express business within the city without a license, as such, does not apply to expressmen whose business is not carrying express matter from one place to another within the city for hire, but to receive and deliver there, such matter transported for hire to that place from outside points, and from the city to places beyond its limits.

**Memorandum.**—Suit for violation of a city ordinance. Appeal from the Circuit Court of Alexander County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

The opinion states the case.

GILBERT & GREEN, attorneys for appellant.

LANSDEN & LEEK, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellee was charged with a violation of the provisions of the following ordinance of the city of Cairo:

"Section Six. Every person, copartnership or corporation carrying on the express business in the city of Cairo, shall be deemed an expressman or expressmen, and it shall be unlawful for any such expressman or expressmen to carry on the business within the city without a license as such. Such license may be obtained of the city clerk upon payment into the city treasury of the sum of one hundred dollars per annum, in like manner as other licenses are issued, and any person, copartnership or corporation who violates the provisions of this section shall forfeit and pay for the use of the city, the sum of not less than twenty-five and not more than two hundred dollars for each offense, provided that persons, copartnerships or corporations engaged only in transporting baggage or merchandise from one place to another within the city shall be deemed porters, baggagemen or hackmen as the case may be, and not expressmen, within the meaning of this section."

A jury was waived, the cause was tried by the court upon a state of facts admitted by the parties to be true, among others that defendant is an incorporated company under the laws of the State of New York, carrying on a general express business in various cities in the United States, including the city of Cairo, and had offices in said cities at which it received parcels and packages and sent same for hire, in charge of its messengers, to other cities, and delivered from its office in Cairo, in various parts of the city, such parcels

City of Cairo v. Adams Express Co.

and packages received at, and brought by it in the same manner from other cities. That its chief office was in the city of New York, and the greater portion of said parcels and packages were so received, carried and delivered by it from and between points in different States, but in addition to such interstate business, it carried on a general express business between points in the same State. That the principal part of its express business, so carried on at its office in Cairo, consisted of the receipt of parcels and packages to be sent by it to points beyond the State, and the delivery of such express matter to persons in Cairo, received at its office there, from points beyond the State. That it also received at its said office parcels and packages to be carried for reward by its messengers to points and cities in Illinois, and delivered such express matter at and from its said office to persons at their business houses in Cairo, received by it at other points and cities in Illinois, to be carried by means of its messengers for hire and reward to said city of Cairo, and was carrying on its said express business at the date of the summons, without the license required by said ordinance, and that defendant was not engaged in transporting baggage, parcels, packages or merchandise from one place to another in said city otherwise than simply transporting from its office there, such express matter as it received by due course of its express, for persons residing in Cairo, and delivering the same to them at their places of business. At the trial appellant offered said section of the ordinance in evidence, and the appellee objected to its introduction on the ground that it was unconstitutional, illegal and void.

The objection was sustained, and the court refused to admit the said section in evidence, and no other evidence being offered, the court found for the defendant, overruled appellant's motion for a new trial and entered judgment on said finding in favor of defendant. Exceptions to the several rulings of the court were duly taken by appellant. Appellant claims the power to enact and reinforce said sixth section of the ordinance is conferred upon it by Par. 42, Art. 5, Sec. 1, Chap. 24, Rev. Stat., which reads as follows:

" To license, tax and regulate hackmen, draymen, omnibus drivers, carters, cabmen, porters, expressmen and all others pursuing like occupations, and to prescribe their compensation." In City of East St. Louis v. Bux, 43 Ill. App. 276, a case decided by this court, in which Bux was acquitted in the court below of the charge of violating the provisions of a city ordinance depending for its validity upon the power granted by the above quoted statutory provision, we affirmed the judgment and held that power was limited to the licensing, taxing and regulating the business of common carriers, carried on entirely within the city limits, and that those only who carry on that business within such limits, could by virtue of that provision be required to pay a license for the privilege and be subjected to a penalty for failing or refusing so to do, citing Farwell v. Chicago, 71 Ill. 269; Joyce v. E. St. Louis, 77 Ill. 156; City of Collinsville v. Cole, 78 Ill. 114.

Adhering to the views above expressed, we are of opinion appellee is not included in the class and vocation of expressmen, within the meaning and intent of that word as used in the statute, nor to that class whose compensation the city was empowered to fix and limit. Its business was not carrying express matter from one place to another within the city for hire, but to receive and deliver there such matter transported for hire to that place from outside points, and from the city to places beyond its limits. In our judgment said sixth section of the ordinance can not be held to apply to the business appellee was engaged in, and it was not liable to pay the license thereby imposed, or to the penalty therein prescribed for failing or refusing to pay such license. The court did not err in refusing to admit said sixth section in evidence nor in its finding and judgment. The judgment is affirmed.