# Nathaniel C. Dean v. Chicago General Railway Company.

1. STREET RAILWAY COMPANIES—*Are Common Carriers—Regulation of Fares.*—A street railway company is a common carrier of passengers for hire, the legislature has power to regulate its charges and may confer such power upon municipalities.

2. CITY OF CHICAGO—*Power to Regulate Street Car Fares.*—The city council of the city of Chicago has power to fix the rates of fare for the carriage of passengers.

**Trespass on the Case.**—Ejecting the plaintiff from the car. Error to the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed April 27, 1896.

## STATEMENT OF THE CASE.

The Superior Court having sustained a special demurrer to the declaration in this case, and the plaintiff electing to stand by his declaration, his suit was dismissed with judgment against him for costs. The declaration is in two counts, and sets up that on a certain day the plaintiff got upon one of the cars of the defendant, which was then at Western avenue and running west on Twenty-second street to Crawford avenue—the defendant then being engaged in operating a line of street railway on said Twenty-second street from May street to Crawford avenue, in the city of Chicago, as a common carrier of passengers for hire. That then and for a long time prior thereto, there had been in the city of Chicago an ordinance, passed by the city council, of which section one contains the following words: "The rate of fare to be charged by any person, firm, company or corporation, owning, leasing, running or operating street cars or other vehicles for the conveyance of passengers on any street railway within the limits of the city of Chicago for any distance within the city limits, shall not exceed five cents for each passenger over twelve years of age," etc.

The declaration charges that the plaintiff tendered the sum of five cents to the conductor of the car, who refused

to take it as in full payment of the fare, and demanded an additional cent, informing the plaintiff that the company had established a rule that the rate of fare should be six cents; this additional cent plaintiff refused to pay, and in consequence was ejected from the car by the conductor, who was in that behalf acting as the agent of the company. The plaintiff thereupon brought his suit for damages, and set up the foregoing, and in the first count of his declaration claimed the city conncil had the right to and did fix the compensation to be charged by the defendant; and in his second count that the city council had the right to and did fix the maximum amount which the defendant should charge as a reasonable compensation for its services as a common carrier.

The defendant demurred generally, and as special grounds for demurrer set up that no power had been conferred on the city council by the legislature to regulate the rates of fare, and that the legislature had conferred such power on the railroad and warehouse commissioners.

SMITH & BARTON, attorneys for plaintiff in error.

C. C. & C. L. BONNEY, LYMAN M. PAINE, attorneys for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

A street railway company is a common carrier of passengers for hire. C. C. Ry. Co. v. Engel, 35 Ill. App. 491; N. C. St. Ry. Co. v. Williams, 140 Ill. 275; N. C. St. Ry. Co. v. Wrixon, 51 Ill. 308; N. C. St. Ry. Co. v. Coit, 50 Ill. App. 640; N. C. St. Ry. Co. v. Cook, 145 Ill. 553.

June 26, 1890, the city council passed an ordinance which is still in force, section 1 of which is as follows: "That the rate of fare to be charged by any person, firm, company or corporation, owning, leasing, running or operating street cars or other vehicles for the conveyance of passengers on any street railway within the limits of the city of Chicago,

Dean v. Chicago General Ry. Co.

for any distance within the city limits, shall not exceed five cents for each passenger over twelve years old," etc.

The legislature has power to regulate the charges of common carriers. Munn v. Illinois, 4 Otto 113; C., B. & Q. Ry. Co. v. Iowa, 4 Otto 156; Ruggles v. People, 91 Ill. 256; Same, 108 U. S. 526.

As to limitations upon this power, see Chicago, M. & St. Paul Ry. Co. v. Minnesota, U. S. Supreme Court, 1890.

The legislature can confer such power upon the council

By clause 42, of Sec. 1, Art. 5, Chap. 24, R. S., the city council is given power " to license, tax and regulate hackmen, draymen, omnibus drivers, carters, cabmen, porters, expressmen, and all others pursuing like occupations, and to prescribe their compensation."

The Supreme Court in Farwell v. Chicago, 71 Ill. 269, speaking of this statute, says:

" It is designed to operate upon those who hold themselves out as common carries in the city for hire, and to so regulate them as to prevent extortion, imposition and wrong to strangers and others compelled to employ them, in having their property or persons carried from one part of the city to another. This is a rightful exercise of the police power."

Defendant had no right to lay railway tracks in the streets of the city, or to operate cars thereto, except by permissson of the city. In giving such permission, the city could prescribe such conditions as to rates of fare as it saw fit.

In the absence of any showing by defendant that it has directly or indirectly permission of the city to run cars in the streets and charge a higher rate of fare than is prohibited by the general ordinances of the city, we think the demurrer of appellee was improperly sustained.

We do not regard the railroad and warehouse act as applying to the operations of street railways within the limits of one city.

The judgment of the Superior Court is reversed and the cause remanded.

GARY, P. J.

This case has to me a suspicious aspect, perhaps because of some idiosyncrasy of my own, and not because of any feature of the case. If I desired the opinion of a court as to the rights and privileges of a street railroad, I should, in a declaration, set out under what terms it acquired the right and privilege of occupying the street with its track. I suspect this court is being played upon for some ulterior purpose. Such things are known to have happened, but I do not like to put upon record the names of cases in which it has been done. I concur in reversing the judgment, but warn whoever may be concerned, that no principle or doctrine must be taken as established by the decision of this case, beyond one of pleading upon the assumption that the whole subject-matter is fully stated in the declaration.