Albert J. HUBENTHAL, Appellant,

v.

COUNTY OF WINONA, Lorraine Cieminski, Edwin Kobler, Lee Luebbe, James Papenfuss, Charles Smith, Winona County Board of Commissioners and Gene Mossing, Winona County Environmental Health Director, Appellees.

No. 84–5073.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1984.

Decided Dec. 27, 1984.

Donald J. Harman, La Crosse, Wis. and Jerome B. Abrams, Minneapolis, Minn., for appellant.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Albert J. Hubenthal appeals the district court's[1] granting of the County of Winona's motion for summary judgment on his claim brought under 42 U.S.C. § 1983. We affirm.

Hubenthal alleges that the county officials acted deliberately or arbitrarily in violation of his due process rights when, pursuant to a state court determination that Hubenthal's farming and salvage operation constituted a nuisance, they removed from his property various materials essential to his worm farming operation. The district court held that Hubenthal did not show that the county treated him in an arbitrary and capricious manner. The court found Hubenthal did not show a violation of his procedural due process rights, because the state district court conducted several pre-deprivation hearings and the court noted that, although there may have been some evidence to support Hubenthal's allegation that county officials went beyond the scope of the state court order when they removed some of the materials, Hubenthal had an adequate post-deprivation remedy under state law.

Hubenthal argues on appeal that (1) a genuine issue of material fact exists whether a health or other hazard was present on Hubenthal's property resulting from the farming operation; (2) the Winona County zoning ordinance applied to him is unconstitutionally vague; and (3) the state's post-deprivation remedy does not preclude consideration of the deprivation issue under § 1983 where the taking of the property was deliberate, and intentionally went beyond the scope of the state court's order. Subject matter jurisdiction exists under 28 U.S.C. § 1343.

Hubenthal leased approximately fifty-five acres of property in Winona County, Minnesota to implement a worm farming operation. Shortly thereafter, he began to collect large amounts of material including waste paper, cardboard, used tires, scrap wood, scrap metal, leather and other building materials that he contends were essential to the farming operation. In response to complaints from Hubenthal's neighbors, the Winona County Board of Commissioners notified Hubenthal that the collection of these materials violated a county ordinance prohibiting the collection of junk.

1. The Honorable Robert G. Renner, United States District Judge, District of Minnesota.

The board took the position that the materials on Hubenthal's property created a health hazard and ordered the county health director to abate the nuisance pursuant to Minn.Stat.Ann. §§ 145.22, 145.23 (Supp.1984).

The county attorney filed an action in Minnesota district court seeking to compel Hubenthal to clean up the property. After a hearing, the court enjoined Hubenthal from storing solid waste material that could be "a source of filth or sickness" and from maintaining a junkyard. The court also ordered him to remove all such materials from his property within thirty days. If Hubenthal did not comply with the order within thirty days, the order permitted county officials to go upon the property and remove the materials. Hubenthal did not appeal the court order, nor did he comply with it. Approximately two months after the court issued its order, county officials conducted an extensive three-day operation in which they removed the materials accumulated on Hubenthal's farm. Hubenthal subsequently filed this § 1983 action, and, as indicated, the district court granted Winona County's motion for summary judgment.

■ A reviewing court should sustain a grant of summary judgment only when there is no genuine issue of material fact to be decided and the movant is entitled to judgment as a matter of law. *Hartford Accident & Indemnity Co. v. Stauffer Chemical Co.,* 741 F.2d 1142, 1144 (8th Cir.1984). Where a motion is supported by affidavits, the opposing party "may not rest upon the mere allegations ... of his pleading, but ... by affidavits ... must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Fed.R. Civ.P. 56(e).

Hubenthal contends the district court erred in dismissing his § 1983 action because he presented a genuine issue of material fact as to whether an actual health hazard existed on his property. The state court found that Hubenthal's solid waste material created a potential for rats, provided a breeding ground for mosquitos and that "larvae of the tree hole mosquito, a carrier of encephalitis, were found" there.

Hubenthal concedes that one mosquito larva and one bottle of human urine were found on the property, but argues that such a minimal finding provides no basis upon which the county could remove all of his treasured materials, including a quantity of soil and doubtless some worms.

Ordinarily, the doctrine of res judicata would preclude federal review of the health hazard issue. *See Edwards v. Arkansas Power & Light Co.,* 683 F.2d 1149, 1152 (8th Cir.1982). While the district court relied in part on the findings and conclusions of the Minnesota court, it went on to reach its own conclusion that Hubenthal amassed great quantities of suspect materials, creating a health hazard, and ultimately granted summary judgment.

■ Res judicata aside, our review of the record discloses no genuine issue of material fact as to Hubenthal's maintenance of a health hazard. Obviously, an inventory of waste, salvage, and scrap materials, even if treasured by and valuable to Hubenthal, kept in such fashion as to hold stagnant water and attract insects and vermin, is a health hazard.

The state court not only enjoined Hubenthal from collecting materials that constituted a health nuisance but also from maintaining a junkyard as defined in the Winona County zoning ordinance. Hubenthal argues the zoning ordinance is unconstitutionally vague, because it does not set forth appropriate standards to provide one with notice of what materials constitute "junk." The district court refused to rule on the merits of Hubenthal's constitutional claim, because Hubenthal had not set it out as a theory of recovery in his complaint. That court noted, however, that even if the issue were properly before the court, under Minnesota law, the state court order precluded Hubenthal from raising the issue in a subsequent § 1983 action. *See id.; Migra v. Warren City School District Bd. of Ed.,*

—— U.S. ——, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984).

While we do not disagree with the district court's disposition of the vagueness claim, again we observe that on its merits the claim cannot be sustained.

The Winona ordinance under attack defines a junkyard as:

> Land or buildings where waste, discarded or salvaged materials are bought, sold, exchanged, stored, cleaned, packed, disassembled or handled, including but not limited to, scrap metal, rags, paper, rubber products, glass products, lumber products and products resulting from the wrecking of automobiles or other vehicles . . . .

The ordinance, on its face, is subject to rather broad interpretation. Although a specific list of "junk" materials is set out in the ordinance, the list is qualified by the words "including but not limited to." However, the state court in applying the ordinance to appellant's property described with some particularity the materials constituting "junk." It said:

> Defendant Hubenthal is enjoined from maintaining a junkyard on the subject premises and is enjoined from storing of said waste including scrap metal, used hot water heaters and other appliances, rags, leather, paper, cardboard, rubber products including tires and tire casings, and all metal products which are the result of wrecking of automobiles, appliances, fixtures or other machinery.

Junk, like pornography,[2] may be hard to define, yet "it is clear what the ordinance as a whole prohibits." *Grayned v. City of Rockford,* 408 U.S. 104, 110, 92 S.Ct. 2294, 2300, 33 L.Ed.2d 222 (1972). The state court order is at least equally clear.

Absent a showing of arbitrariness or capriciousness and recognizing that the zoning function is traditionally a governmental task which requires the "balancing [of] numerous competing considerations," *Larkin v. Grendel's Den, Inc.,* 459 U.S. 116, 121,

103 S.Ct. 505, 509, 74 L.Ed.2d 297 (1982) (quoting *Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977)), the courts have shown a reluctance to upset zoning laws.

■ Our consideration of the circumstances as a whole leads us to the conclusion that the Winona zoning ordinance in question as applied by the state court of Minnesota is not void for overbreadth or vagueness.

■ Finally, Hubenthal argues that the county officials deliberately exceeded the scope of the court order by removing certain of the materials (notably dirt, worms, wood, hammer mills) from his property and that an adequate post-deprivation remedy does not preclude review by the federal courts of a § 1983 claim when the wrongful actions of state officials are deliberate. As the district court noted, there is nothing in the record to indicate that defendants acted deliberately or with reckless disregard of appellant's rights. But even an unauthorized intentional deprivation of property by a state official does not violate due process requirements if a meaningful post-deprivation remedy is available. *Hudson v. Palmer,* —— U.S. ——, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984). Minn. Stat.Ann. § 466.02 (1977) provides that "every municipality is subject to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties whether arising out of a governmental or proprietary function." Hubenthal does not claim, nor does it otherwise appear, that the state remedy is inadequate.

From what has been said, it follows that the judgment of the district court should be, and it is, affirmed.

---

**2.** See *Jacobellis v. Ohio,* 378 U.S. 184, 197, 84 S.Ct. 1676, 1683, 12 L.Ed.2d 793 (1964), Mr.

Justice Stewart concurring.