EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

MINNEAPOLIS POLICE RELIEF AS-
SOCIATION, City of Minneapolis,
Defendants.

No. Civ. 4–86–165.

United States District Court,
D. Minnesota,
Fourth Division.

July 24, 1986.

Lloyd Zimmerman, Sr. Trial Atty., E.E.
O.C., Minneapolis, Minn., for plaintiff.

Richard L. Kaspari, Peterson, Engberg &
Peterson, Minneapolis, Minn., for defend-
ant MPRA.

Robert J. Alfton, City Atty., and Steven
R. Fredrickson, Asst. City Atty., Minne-
apolis, Minn., for defendant City.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on plain-
tiff's motion for summary judgment. The
Court will grant that motion.

### FACTS

Plaintiff Equal Employment Opportunity
Commission (EEOC) brings this action on
behalf of two charging parties, Roland
Scully and Gilbert Jacobson. Scully and
Jacobson both work for the Minneapolis
Police Department (MPD); Scully is a de-
tective-supervisor and Jacobson is a lieu-
tenant. Both Scully and Jacobson have
passed their 65th birthday. Before reach-
ing the age of 65, both charging parties
requested that they be allowed to continue
working after their 65th birthday. The
MPD, and thus defendant City of Minne-
apolis (City),[1] gave the charging parties
permission to continue working past age
65.

Prior to the charging parties' reaching
age 65, defendant Minneapolis Police Relief

---

1. Plaintiff joined the City as a defendant under
Fed.R.Civ.P. 19(a)(1) to ensure that plaintiff
could obtain complete relief. Plaintiff also
joined the State of Minnesota as a defendant

pursuant to that rule, but the State declined to
participate in this action. Plaintiff voluntarily
dismissed the State as a defendant on March 25,
1986.

368

Association (MPRA) [2] wrote each charging party to inform them that if they did not retire before their 65th birthday, they would lose their pension benefits. Defendant MPRA acted pursuant to Minn.Stat. § 423.755, which provides that police officers who do not retire at age 65 shall lose their pension benefits. In its May 1, 1986 letter to Jacobson, defendant MPRA stated that it did not have the authority to waive Minn.Stat. § 423.755's requirements.

The EEOC commenced this action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 631–34, on behalf of Scully on March 5, 1986. On March 7, 1986, the Court entered a preliminary injunction preventing MPRA from taking any action adverse to Scully's pension benefits during the pendency of this lawsuit. Subsequently, on June 25, 1986, the EEOC amended its complaint to include Jacobson as a charging party. On that same day, the Court entered a new preliminary injunction which covered Jacobson as well as Scully.[3] Plaintiff EEOC now moves for summary judgment.

DISCUSSION

A party is not entitled to summary judgment unless the party can show that no genuine issue exists as to any material fact. Fed.R.Civ.P. 56(c). Summary judgment is an extreme remedy that should not be granted unless the moving party has established a right to judgment with such clarity as to leave no room for doubt and unless the nonmoving party is not entitled to recover under any discernible circumstances. E.g., Vette Co. v. Aetna Casualty & Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). In considering a summary judgment motion, a court must view the facts most favorably to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. E.g., Hartford Accident & Indemnity Co. v. Stauffer Chemical Co., 741 F.2d 1142, 1144–45 (8th Cir.1984). The nonmoving party may not merely rest upon the allegations or denials of the party's pleading, but must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. Salinas v. School District of Kansas City, 751 F.2d 288, 289 (8th Cir.1984). In the present action, no material issue of fact or law is in dispute, and the case is ripe for resolution by way of summary judgment.

Age Discrimination

The ADEA prohibits employers from discriminating against employees who are 40 to 70 years old on the basis of age. 29 U.S.C. §§ 623, 631. This prohibition includes discrimination with respect to employee's compensation. 29 U.S.C. § 623(a)(1). The ADEA applies to state and local governments, and the Supreme Court has declared that this application is constitutional. EEOC v. Wyoming, 460 U.S. 226, 233 and n. 5, 243, 103 S.Ct. 1054, 1059 and n. 5, 1064, 75 L.Ed.2d 18 (1983). The MPRA admits that it is an employer under the provisions of the ADEA. 29 U.S.C. § 630(b).

Pursuant to Minn.Stat. § 423.755, defendant MPRA seeks to discontinue Scully's and Jacobson's pension benefits because they are working past age 65. Terminating employees' pension benefits because the employees reach 65 is per se violation of the ADEA. See EEOC v. City of St. Paul, 671 F.2d 1162, 1166 (8th Cir. 1982) (forced retirement of fire chiefs at age 65 pursuant to Minn.Stat. § 423.075 was per se violation of ADEA); EEOC v. City of Minneapolis, 537 F.Supp. 750, 756 (D.Minn.1982) (forced retirement of police captains at age 65 pursuant to Minn.Stat. § 423.075 was per se violation of ADEA).

Since termination of Scully's and Jacobson's pension benefits constitutes a per se violation of the ADEA, the defendants have the burden of establishing a defense under one of the ADEA's exemptions. See EEOC v. St. Paul, 671 F.2d at 1166; EEOC v. Minneapolis, 537 F.Supp. at 756.

2. The MPRA is a quasi-governmental corporation responsible for the administration of pensions for the Minneapolis police.

3. The parties stipulated to the Court's issuance of both of these injunctions.

Conceivably, the City could argue that age was a bona fide occupational qualification (BFOQ) reasonably necessary for the positions Scully and Jacobson hold. *See* 29 U.S.C. § 623(f)(1); *Western Air Lines, Inc. v. Criswell*, 472 U.S. 400, 105 S.Ct. 2743, 2754–56, 86 L.Ed.2d 321 (1985) (discussing standards for establishing a BFOQ). The City, however, has not elected to raise such a defense. Instead, the City has given both Scully and Jacobson permission to continue working past age 65. In light of the City's acknowledgement that these two individuals can still perform their jobs, defendant MPRA is in no position to raise a BFOQ defense. Since no defense has been put forth for terminating the pension benefits of Scully and Jacobson, plaintiff is entitled to summary judgment.

*Scope of the Order*

In any case where the City voluntarily allows a police officer to work past the age of 65, the City is in effect waiving the BFOQ defense and the MPRA cannot raise any defense. The result in such a situation inevitably will be that a federal court will enjoin the MPRA from enforcing Minn. Stat. § 423.755. In order to spare all concerned needless and duplicative litigation, all the parties joined in a request that the Court's injunction apply to any instance of the City allowing a police officer to work past age 65. Since an order along these lines will come into play only when the City voluntarily allows an officer to work past age 65, such an order will not prevent the City from raising a BFOQ defense when the City concludes this defense is warranted. Phrasing an order in these terms, moreover, should alleviate duplicative litigation, and the Court will structure its injunction in this manner.

Based on the foregoing, and upon all the files, records, and proceedings in this matter,

IT IS ORDERED that with respect to Minneapolis police officers under the age of 70, the Minneapolis Police Relief Association, its officers, agents, employees, successors and assigns, and all persons acting in concert or participation with it, are en-joined from enforcing Minn.Stat. § 423.755 and from depriving or threatening to deprive a police officer of pension rights in any case where the City of Minneapolis voluntarily elects to allow a police officer to work past the age of 65.

LET JUDGMENT BE ENTERED ACCORDINGLY.