## BLEVINS et al. vs. THE STATE.

1. SHERIFF: *Cannot execute process beyond his county.*
   Except in cases of escape, or the removal of property after an order of attachment comes to his hands, a sheriff has no authority to execute process beyond his own county.

2. BAIL BOND: *Void where the arrest is illegal.*
   Where a sheriff executes a warrant of arrest beyond his own county, a bail bond executed by the prisoner is void.

APPEAL from *Pope* Circuit Court.

Hon. W. W. MANSFIELD, Circuit Judge.

*John Fletcher and A. C. Coblentz,* for appellants.

*Att'y Gen'l* for State.

HARRISON, J.:

The appellants, James Blevins and Carroll Armstrong, were summoned to show cause why judgment should not be entered against them for five hundred dollars, on account of the forfeiture of a bail bond executed by them for the appearance of one Samuel Moore, to answer an indictment for larceny.

The defendants in their answer denied the validity of the bail bond. The arrest of the said Samuel Moore, they averred, was made in Conway County, where he at the time resided, by the sheriff of Pope County, under no other or better authority than a warrant issued upon the indictment to him as such sheriff; and that the said Moore being so unlawfully arrested and restrained of his liberty in Conway County by the said sheriff of Pope County, they, in order to procure his release executed the bond, and that the same was delivered, and by the sheriff accepted and taken, in Conway County.

The State demurred to the answer as showing no defense. The demurrer was sustained, and final judgment rendered against the defendants.

A sheriff may pursue and capture one who, after an arrest, has escaped or been rescued from his custody, in any part of the State;

but with the exception, that he may, if after an order of attachment has been placed in his hands the property of the defendant has been removed from the county, pursue and attach the same in another county within twenty-four hours after the removal, as provided by sec. 405, Gantt's Digest, he has no authority to execute any writ or process, but in his own county. *Lawson* v. *Burziness*, 1 Harrington, 416 ; *The King* v. *Weir*, 1 Barn. & Cress., 288 ; *Rex* v. *Chandler*, 1 ; 1 Ld. Raym, 546 ; *Blatcher* v. *Kemp*, 1 H. Black, 15 ; *Chase* v. *Joyce*, 4 Maul. & Selw., 412 ; *Hammond* v. *Taylor*, 3 Barn. & Ald., 408.

The act of the sheriff of Pope County therefore, in arresting said Moore in Conway County, was of no more force or validity, than if it had been that of a private citizen, and the bond taken by him upon the arrest was a nullity. *Thompson* v. *Lockwood*, 15 John, 256 ; *The State* v. *Brantley*, 27 Ala., 44 ; *Blackman* v. *The State*, 12 Ind., 556 ; *Commonwealth* v. *Robert*, 1 Dur., 199 ; *Commonwealth* v. *Fisher*, 2 Dur., 376.

The demurrer by the State should not, therefore, have been sustained.

The judgment of the court below is reversed, and the cause remanded to it, with instructions to overrule the demurrer, and proceed according to law.