CITY OF ARGENTA v. KEATH.

Opinion delivered September 24, 1917.

MUNICIPAL CORPORATIONS—LICENSING AUTOMOBILES—DOING BUSINESS BETWEEN CITY AND A POINT OUTSIDE.—Under Acts 134, p. 94, Acts 1911, providing for the registration of motor driven vehicles and the control of the same, a municipal corporation is without authority to exact a license fee from the owner of a motor driven vehicle hauling passengers from a point outside the city, through the city, and to a point beyond the limits of said city.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*J. F. Wills* and *Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellant.

120 Ark. 226 is not conclusive of this case. The ordinances are differently worded and seek to accomplish different objects. It is the duty of the courts to give effect to the intention of the Legislature and not defeat it. 40 Ark. 431; 58 *Id.* 116; 83 *Id.* 116; 104 *Id.* 593; 109 *Id.* 564; 112 *Id.* 123; 114 *Id.* 260; 121 *Id.* 349. Less regard is to be paid to the words used than to the policy which dictated the act. 28 Ark. 200.

The ordinance is legal, and should be upheld. 83 Atl. 770. See 85 S. E. 781; 153 Pac. 1194; 178 S. W. 6; 153 Pac. 93; 182 S. W. 685; 121 Ark. 606; 34 *Id.* 263; 35 *Id.* 60; 37 *Id.* 493; 58 *Id.* 113; 94 *Id.* 422; 106 *Id.* 517; 109 *Id.* 556; 56 *Id.* 370; 117 Pac. 93; 68 So. 926.

*Gus Fulk* and *W. A. Boyd,* for appellee.

120 Ark. 226 virtually settles this case. Municipal corporations can only exercise such powers as are specially given them by statute. The language of the motor vehicle act 1911 is unambiguous, and only applies to vehicles used *within* the city limits, and not to those merely passing through. 11 Ark. 45; 46 *Id.* 159; 35 *Id.* 56; 48 *Id.* 305. As to the intent of the Legislature, see 27 Ark. 419; 36 *Id.* 56. The power must be expressly delegated. 26 Mich. 474; 80 Ohio, 367; 64 S. E. 944; 49 N. J. 110; 54 Ill. 87. 56 Ark. 350 is not in point. "Within" means "in the interior of" and not over or across.

### STATEMENT OF FACTS.

Argenta is a city of the first class. Its council passed an ordinance which provides as follows:

"Section 1. Every person, firm or corporation owning, operating or controlling any automobile or any other horseless vehicle propelled by motor power generated by the use of gasoline, electricity or steam, other than those operated upon rails or tracks, for public service, and using the streets of Argenta for the operation and running of such motor propelled vehicles, shall pay to the city collector a license fee, quarterly in advance, as follows." (Then follows the classification of vehicles and fees to be charged.)

"Section 2. Any motor propelled vehicle carrying passengers beyond its seating capacity shall be liable for license for any quarter up to the maximum number of passengers carried at that time.

"Section 3. That the license herein provided shall be paid to the city collector in advance, said license to be paid quarterly, and the city collector shall register the name of the owner, and the capacity and make of such motor propelled vehicle, and shall issue to such applicant a certificate and license tag; such license tag shall be kept displayed in a conspicuous place on said vehicle, so that same can be seen by reflection from the rear light so as to be easily read at night, and shall be used only on the machine or vehicle for which such license is issued."

This suit was instituted by the appellee, who set up in his complaint that he was operating an automobile for hire between the city of Little Rock and Fort Roots, passing through the city of Argenta *en route;* that by reason of military activities there was considerable passenger traffic over said route which was being taken care of by appellee and by others similarly engaged; that appellee brought this suit in behalf of himself and other automobile operators who had paid the State license fee required by law. The complaint set up the ordinance above set forth, and alleged that neither the appellee nor any other complainant undertook to transport passengers from place to place within the limits of the city of Argenta, and that they, therefore, were not subject to the terms of the ordinance; that the city of Argenta, through its police officers, was interfering with the appellee and other automobile operators by refusing to allow them to enter Argenta as a terminus, or to pass through, or to take on or discharge interurban passengers until they paid the license fee required by the above ordinance; that said action on the part of the city was an attempt to extend its jurisdiction beyond its territorial limits; that there was no statute authorizing the city to pass and enforce said ordinance. Wherefore, he prayed for a writ of injunction

restraining the city from the enforcement of said ordinance.

The answer denied the allegations of the complaint, and set up that the ordinance was passed solely for the regulation of the jitney business being conducted solely over its streets and within its limits, and for the protection of the lives and property of its citizens. There was also attached to the answer a general demurrer to the complaint.

The cause was heard upon the pleadings and oral testimony, which is duly authenticated and made a part of the record, and upon an agreement of counsel, which it is unnecessary to set forth in detail. The cause may be tried here as if it had been disposed of on the demurrer. The manifest purpose of the litigation is to challenge the validity of the ordinance as it affects the appellee's business.

The court entered a decree granting the prayer of appellee's complaint, in effect holding that the ordinance was invalid as to those who were engaged in transporting passengers for hire from points within the limits of the city of Argenta to points without said city limits, and from points without the said city limits to points within said city limits, and from points without said city limits to points without said city limits, but over and across the streets of the city of Argenta; that the ordinance was valid only as to those who were engaged in transporting passengers from points within the limits of the city of Argenta to points within said limits.

The appellant brings this appeal.

WOOD, J., (after stating the facts). A municipal corporation has no powers except those expressly conferred by the Legislature, and those necessarily or fairly implied as incident to or essential for the attainment of the purposes expressly declared. *Willis* v. *City of Fort Smith*, 121 Ark. 606; *Bain* v. *Fort Smith Light & Traction Co.*, 116 Ark. 125, 134; *Morrilton Waterworks Imp. Dist.* v. *Earl*, 71 Ark. 4.

In *Willis* v. *City of Fort Smith, supra,* we said: "The State has the right to regulate and control the use of motor vehicles except as it has granted such right to other governmental agencies, and it expressly recognizes in the motor vehicle law the exclusive right of municipal corporations to make and enforce rules and regulations for motor vehicles used for public hire."

The motor vehicle law referred to is act 134 of the acts of the General Assembly of 1911, page 94. The purpose of the act, as expressed in its title, is "to provide for the registration of motor vehicles, and uniform rules regulating the use of automobiles and other horseless conveyances upon the public streets, roads and highways of the State of Arkansas." Section 13 of the act provides as follows: "No owner of a motor vehicle who shall have **obtained a certificate from the Secretary of State**, as hereinbefore provided, shall be required to obtain any other license or permits to use and operate the same, nor shall such owner be * * * excluded, or prohibited, or limited in the free use of his said motor vehicle, nor limited as to speed upon any public street, * * * nor be required to comply with other provisions or conditions as to the use of said motor vehicle except as in this act provided." Then follows a provision that nothing in the section shall be construed to apply to or include any speedway created and maintained by the local authority or any municipal corporation within the State. And a further provision that the local authorities having jurisdiction over public parks and boulevards connecting or pertaining thereto shall not be prohibited from enforcing ordinances concerning the speed at which motor vehicles may be operated "within or upon such parks, highways or boulevards." Then follows a provision conferring the power upon the local authorities having jurisdiction over cemeteries to exclude motor vehicles therefrom; and a further provision restricting the power of municipalities to limit the speed of motor vehicles except in the manner provided for in the act. And the section concludes as follows: "*Provided*, that nothing in this act shall be construed to affect

the power of municipal corporations to make and enforce ordinances, rules and regulations affecting motor vehicles which are used within their limits for public hire."

Counsel for appellant contend that the last paragraph above quoted confers upon appellant power to pass the ordinance under review. But when the whole act is considered, and especially the context of the above paragraph, as found in section 13, it is plain that the Legislature intended that municipal corporations should have the power to make and enforce ordinances, rules and regulations affecting motor vehicles which are used for public hire exclusively within the territorial limits of such corporations. It is equally plain, from the language of the whole section, taken in connection with the language of the last paragraph, that the Legislature did not intend by the language of the last paragraph to delegate to municipal corporations the power to make and enforce ordinances, rules and regulations affecting motor vehicles which are used only for traffic from points within the city to points without, and *vice versa,* or to and from points without the city limits, but passing through the city *en route,* and which are not at any time used for traffic between points within the city. Such is the effect of the holding of this court in *McDonald* v. *City of Paragould,* 120 Ark. 226, and the present case, in principle, is ruled by the decision in that case. In that case the city of Paragould enacted an ordinance requiring every person owning an automobile "for the transportation of passengers for hire within the limits of the city of Paragould" to procure a license. McDonald resided in the city and kept an automobile upon which he had paid the State license and which he used in carrying passengers for hire from points within the city limits to points outside of the city. He at no time carried persons for hire from one point to another within the city limits.

He was convicted for the refusal to pay the license required by the ordinance. In that case we said: "The ordinance, properly construed, means only to require the owner or keeper of an automobile for the transportation

of passengers for hire within the limits of the city to pay the license fee, and, since the appellant did not keep or operate his automobile for the transportation of persons for hire from and to points within the city, he was not using it for the transportation of passengers for hire within the limits of the city, in violation of the ordinance. The terms of the ordinance are satisfied by holding that license taxes are to be imposed only by that municipality in which the business or occupation is carried on or conducted. Appellant's business not being conducted within the city limits, a refusal to pay the license did not constitute a violation of the ordinance.''

The words ''within the limits of the city'' in the ordinance in that case followed the language of the statute. If we were correct in our construction of the ordinance in that case it necessarily follows that we are also correct in our construction of the statute in this case. The authority of municipal corporations to exercise powers beyond their territorial limits must be derived from some statute, either expressly conferring such powers or granting them by necessary implication. *City of Coldwater* v. *Tucker,* 36 Mich. 474; *Pegg* v. *Columbus,* 80 Ohio, 367; *White Oak Coal Co.* v. *City of Manchester,* 64 S. E. 944.

Since the appellant had no authority to enact an ordinance broader than the terms of the statute, it follows that the ordinance requiring appellant to pay a license fee for the business conducted by him, as shown by the pleadings and proof was invalid.

Appellant relies upon *Willis* v. *City of Fort Smith, supra,* and upon *Arkadelphia Lumber Co.* v. *Arkadelphia,* 56 Ark. 350. In *Willis* v. *City of Fort Smith,* an attack was made upon the ordinance generally. The specific question as to whether the ordinance was invalid as to those operating motor vehicles both within and without the city limits was not raised nor decided. In *Arkadelphia Lumber Co.* v. *Arkadelphia* the court held that: ''The right to operate a ferry over a stream (one of whose banks was situated in the town of Arkadelphia) was incident to and dependent upon the ownership of the banks

on which the landing is made, and not on the possession or jurisdiction of the waters of the stream. The holding is predicated upon the fact "that the western bank of Ouachita river, one of the landings was within the corporate limits of the city, and the right to levy the license tax was placed solely upon the power of the city under the statute to regulate ferries "within its boundaries." The case is not in conflict, but in harmony with the present holding. Here the attempt is to construe the ordinance so as to give the city of Argenta the right to regulate motor vehicles for hire not exclusively within its boundaries.

In addition to the cases cited in *McDonald* v. *City of Paragould, supra,* the following case, cited in appellee's brief, towit, *City of Cairo* v. *Adams Express Co.,* 54 Ill. App. 87, is in point, all of which cases show that our construction of the ordinance and the statute upon which it is based is sustained by excellent authority.

The decree is therefore correct, and it is affirmed.