Charles PERRY *v.* STATE of Arkansas

CR 90-142                                    794 S.W.2d 141

Supreme Court of Arkansas
Opinion delivered July 16, 1990
[Rehearing denied September 10, 1990.*]

---

*Hays and Glaze, JJ., would grant rehearing.

*Paul Petty*, for appellant.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. At 3:30 a.m. on February 25, 1988, officer Ken Edmunson was on duty as a Searcy policeman. He was driving a city patrol car on his route to check buildings when he saw a dark-colored car circling around the parking lot of Searcy Skateland. He turned his car around to get a better look at the dark-colored car but, by the time he had turned around, it was gone. He did not attempt to pursue the car, but instead, resumed his regular route to check buildings. He drove a few blocks and came to the area where the Elks Lodge is located. The land on which the lodge is located is outside the city, but is bordered by the city on three sides. Officer Edmunson started to drive across the lodge parking lot in order to get to another part of his route inside the city, and, as he was driving across the lot, he saw a car parked with its lights on and the motor running. He turned his patrol car so that its headlights illuminated the parked car, and he saw a man slumped over the steering wheel. He did not know if it was the dark-colored car he had seen earlier. Officer Edmunson got out of his car to check on the man. He found it was appellant, and that appellant was drunk. Officer Edmunson knew he was outside the city, and in an unincorporated part of White County, so he "detained" appellant and radioed for a White County

deputy sheriff to come "arrest" appellant. After a short interval the deputy sheriff arrived, arrested appellant, tried to give appellant a field sobriety test but he was too drunk to take it, took him to the police station, and gave him a breathalyzer test, which registered .17.

In the trial court the appellant argued that he was illegally arrested and, therefore, the evidence obtained by the officers should be excluded. The trial court held that appellant was not arrested by Officer Edmunson, but instead, was arrested by the deputy sheriff and, accordingly, denied the motion.

The trial court was in error in finding appellant was not arrested by Officer Edmunson. Within the meaning of the Fourth Amendment, a person is "seized" if, in view of all the circumstances, a reasonable person would have believed that he was not free to leave. *U.S.* v. *Mendenhall*, 446 U.S. 544 (1980); *Burks* v. *State*, 293 Ark. 374, 738 S.W.2d 399 (1987). There is no real dispute that appellant was not free to leave. Thus, he was seized. The issue is whether the seizure was lawful.

The applicable rule is black letter law, well-established and reasoned precedent. A local peace officer acting without a warrant outside the territorial limits of the jurisdiction under which he holds office is without official power to apprehend an offender, unless he is authorized to do so by state statute. *Logan* v. *State*, 264 Ark. 920, 576 S.W.2d 203 (1979); 5 Am. Jur. 2d *Arrest* § 50 (1962); 6A C.J.S. *Arrest* § 53 (1975); Annotation, *Validity, In State Criminal Trial, Of Arrest Without Warrant By Identified Peace Officer Outside of Jurisdiction, When Not in Fresh Pursuit*, 34 A.L.R.4th 328 (1984). An officer who seeks to make an arrest outside his territory, without a warrant or statutory authority to do so, must be treated as a private citizen. *Blevins* v. *State*, 31 Ark. 53 (1876); 5 Am. Jur. 2d *Arrest* § 50 (1962); 6A C.J.S. *Arrest* § 53 (1975); Annotation, *Validity, In State Criminal Trial, Of Arrest Without Warrant By Identified Peace Officer Outside of Jurisdiction, When Not in Fresh Pursuit*, 34 A.L.R.4th 328 (1984).

The authority of municipal corporations to exercise powers beyond their territorial limits must be derived from some state statute. *City of Argenta* v. *Keath*, 130 Ark. 334, 197 S.W. 686 (1917). The State of Arkansas has authorized local police

officers to act outside their territorial jurisdiction in four instances: (1) the well known "fresh pursuit doctrine" which is codified as Ark. Code Ann. § 16-81-301 (1987); (2) when the peace officer has a warrant of arrest, Ark. Code Ann § 16-81-105 (1987); (3) when a local law enforcement agency requests an outside officer to come within the local jurisdiction, and the outside officer is from an agency which has written policy regulating its officers when they act outside its jurisdiction, Ark. Code Ann. § 16-81-106 (1989); and (4) a county sheriff may request that a peace officer from a contiguous county come into the requesting sheriff's county. The visiting officer may then come into that county and investigate and make arrests for violations of drug laws. Ark. Code Ann. § 5-64-705 (1987). None of the foregoing statutes authorized Officer Edmunson to act outside his jurisdiction in this case.

The traditional concept of territorial jurisdiction for peace officers is a sound one since a local community is best served by the requirement that local officers familiar with local neighborhoods make arrests in the community. *People* v. *Hamilton*, 666 P.2d 152 (Colo. 1983). If such a concept were not followed, a Pocahontas policeman could make an arrest in Paragould, a Texas Ranger could make an arrest in Fordyce, and a K.G.B. agent could make an arrest in Fort Smith. Such a "practice would lead to more violence than it would suppress." *McCaslin* v. *McCord*, 116 Tenn. 690, 94 S.W. 79 (1906).

Officer Edmunson, acting outside his jurisdiction, only had the authority of a private citizen. *Blevins* v. *State;* 31 Ark. 53 (1876); 5 Am. Jur. 2d *Arrest* § 50 (1962); 6A C.J.S. *Arrest* § 53 (1975); Annotation, *Validity, In State Criminal Trial, Of Arrest Without Warrant By Identified Peace Officer Outside of Jurisdiction, When Not in Fresh Pursuit*, 34 A.L.R.4th 328 (1984). Here, the offense, driving while intoxicated, second offense, is a misdemeanor. Ark. Code Ann. § 5-65-111(1) (1987). The applicable Arkansas statute and rule of criminal procedure give a private person the authority to make an arrest where he has reasonable grounds for believing that the person arrested has committed a felony, but they make no such provision in case of a misdemeanor. A.R.Cr.P. Rule 4.1; Ark. Code Ann. § 16-81-106 (1989). We have expressly held that a private person cannot make an arrest for second offense driving

104

while intoxicated. *Brewer* v. *State*, 286 Ark. 1, 688 S.W.2d 736 (1985). In sum, the arrest outside the officer's territorial jurisdiction was illegal.

That leaves the question of whether the evidence, which was obtained as an incident to the illegal arrest, should have been suppressed. That question was squarely answered by the Supreme Court of the United States in the case of *Davis* v. *Mississippi*, 394 U.S. 721 (1969). In that case the Court held that the Fourth Amendment applies to an unlawful detention, and evidence obtained as the direct result of an unlawful detention is subject to the exclusionary rule. In *Mapp* v. *Ohio*, 367 U.S. 643 (1961), the Court held the exclusionary rule applies to state prosecution. We follow that mandate. *Scroggins* v. *State*, 276 Ark. 177, 633 S.W.2d 33 (1982). Thus, it is applicable in this case, and the evidence which was unlawfully obtained should have been suppressed. Accordingly, we reverse and remand.

HAYS and GLAZE, JJ., dissent.

STEELE HAYS, Justice, dissenting. The fact that a Pocahontas policeman cannot make an arrest in Paragould or a Texas Ranger in Fordyce, unless in fresh pursuit, does not (or *should* not) lead to the conclusion that police officers on the borders of their own area of authority (here the city limits of Searcy) may not lawfully act in response to an offense occurring in their presence and immediately adjacent to such borders, if only to detain the offender until an officer from the appropriate jurisdiction can arrive to effectuate an arrest. The rule of law now adopted by the majority means that an officer confronted, as was Officer Edmunson, with a highly inebriated motorist, is powerless to prevent an offense potentially dangerous to the public and must stand helplessly by while the drunken motorist drives away. Nothing I can find nor cited by the majority suggests that the law if so compartmentalized that police officers are legally impotent under these facts. Neither *Logan* v. *State*, 264 Ark. 920, 576 S.W.2d 203 (1975) nor *Blevins* v. *State*, 31 Ark. 53 (1876), have any factual resemblance to this case: in *Logan*, a Crittenden County sheriff participated in an arrest in St. Francis County (hours after the offense) no part of which the deputy witnessed; in *Blevins*, a Pope County sheriff executed an arrest warrant in Conway County, in excess of his powers as then defined by

statute.

Moreover, I submit a sound argument exists that even a private citizen could act under the circumstances of this case. It was certainly true at common law that private citizens could arrest for misdemeanors committed in their presence where a breach of the peace was involved. 5 Am. Jur. 2d *Arrest*, § 35 (1962). This is the rule adopted by the Restatement (Second) of Torts, § 119:

> Arrest Without Warrant by Private Person for Criminal Offense.
>
> Subject to the rules stated in §§ 127-136, a private person is privileged to arrest another without a warrant for a criminal offense.
>
> * * *
>
> (c) if the other, in the presence of the actor, is committing a breach of the peace or, having so committed a breach of the peace, he is reasonably believed by the actor to be about to renew it. . . .

That rule of common law has never been expressly overruled in Arkansas (dictum in *Brewer* v. *State*, 286 Ark. 1, 688 S.W.2d 736 (1985) notwithstanding), *Missouri Pac. Ry. Co.* v. *McKinney*, 189 Ark. 69, 71 S.W.2d 180 (1934). So far as I can determine, the common law rule has simply been ignored.

There is nothing so hallowed about geographical boundaries of police officers that the law restrains them from acting beyond those boundaries in certain instances, that is, when in fresh pursuit of: a suspected felon, any offender whose offense was committed in their presence, or anyone for whom they have a warrant. [See Ark. Code Ann. § 16-81-301 (1987)]. Thus if their authority has some flexibility where exigent circumstances exist (as in fresh pursuit), it is equally plausible that they have the authority to detain any offender acting in their presence whose conduct endangers the public, even though the offense may be occurring just beyond their jurisdictional boundaries. I would affirm.

TOM GLAZE, Justice, dissenting. The majority correctly states that an officer who seeks to make an arrest outside his

territory, without a warrant or statutory authority to do so, must be treated as a private citizen. Nevertheless, the common law accorded a private person extensive powers to arrest without warrant for felonies and breaches of peace committed in his presence. 5 Am. Jur. 2d *Arrest* § 50 (1962). Arkansas, of course, recognizes the common law. Ark. Code Ann. §§ 1-2-119 and 16-13-201 (1987). Although the majority cites A.R.Cr.P. Rule 4.1 and Ark. Code Ann. § 16-81-106 (1989), those provisions merely codify by rule and statute a private citizen's authority to make an arrest when he has reasonable grounds for believing a person has committed a felony — they do nothing to repeal or alter a private person's right to arrest a person who has committed a breach of peace in the arresting citizen's presence.

In my judgment, the only issue in this case is whether finding appellant intoxicated behind the steering wheel of his parked, but running car with its lights on can be defined as a breach of peace or disorderly conduct. If his conduct can be labeled a breach of peace, then his arrest was valid and the evidence seized was admissible. Under a statute authorizing peace officers to arrest without warrant for disorderly conduct, drunkenness in a public place has been held to be disorderly conduct, through the individual is not otherwise creating a disturbance. 5 Am. Jur. 2d *Arrest* § 41 (1962). Arkansas has such a statute. *See* Ark. Code Ann. § 12-11-110 (1987); but *see also* Ark. Code Ann. § 5-71-207 (1987). That being so, appellant's conviction should be affirmed.

HAYS, J., joins this dissent.