**Dyanna DAVIS, Plaintiff,**

v.

**Charlie DAHMM, et al., Defendants.**

**Civ. No. 91–5027.**

United States District Court,
W.D. Arkansas,
Fayetteville Division.

April 25, 1991.

Boyce Davis, Lincoln, Ark., for plaintiff.

Mikel R. Blocker, Springdale, Ark., for Dahmm and City.

Michael W. Hawkins, Fayetteville, Ark., for John Hayes, Jr.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This case is before the court pursuant to the joint motion to dismiss filed by defendants Dahmm and City of Elkins, Arkansas. Defendant, Dahmm, is a city policeman for the City of Elkins. It is difficult to ascertain whether defendants' motion tests the subject-matter jurisdiction of this court under Rule 12(b)(1), Fed.R.Civ.P., or whether it is defendants' contention that plaintiff has failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).

A Rule 12(b) motion is to be read as a whole, *Continental Ore Co. v. Union Carbide and Carbon Corp.*, 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962), and it is to be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Bennett v. Berg*, 710 F.2d 1361 (8th Cir.1983). In addition, complaints are to be "liberally construed in favor of the plaintiff." *See Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969), and *United States v. Advance Machine Corp.*, 547 F.Supp. 1085, 1088 (D.Minn.1982). It has also been said that all facts pleaded in the complaint are taken to be true for 12(b)(6) purposes, *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976), and all reasonable inferences from facts pleaded in the complaint are to be drawn and deemed to be true. *See* Wright & Miller, *Federal Practice and Procedure* § 1363 (1969).

Thus, for the purposes of the instant motion, the allegations of the complaint must be taken as true and all inferences must be drawn in plaintiff's favor. Those allegations are, in a nutshell, that plaintiff suffered a flat tire while operating her vehicle on Harris Community Road outside of the corporate city limits of the City of Elkins. Plaintiff pulled her vehicle off of the roadway and left it there for two days. Defendant, Dahmm, a city police officer for the City of Elkins, requested that defendant Hayes tow plaintiff's vehicle away. Plaintiff eventually returned for her vehicle and discovered it gone. After two days of inquiry, plaintiff ascertained that defendant, Hayes, had the vehicle in his possession, but would not release the vehicle until plaintiff paid him $186.00 representing towing and storage fees.

Approximately a week later, defendant Hayes sent plaintiff a certified letter advising plaintiff that she owed Hayes $256.00, that the debt was increasing, and that plaintiff could not regain possession of her automobile until the debt was paid in full. It is not clear whether the letter advised the plaintiff that in the event she failed to pay the fees within thirty days, defendant, Hayes, could sell the vehicle at a public sale, thereby terminating completely all of plaintiff's rights to the automobile. *See* Ark.Code Ann. §§ 27–50–1209—1210. However, that is the import of the statutory scheme under which defendants contend their actions were taken.

Plaintiff contends that the towing of the vehicle was not authorized by law and that, as a result, defendants, Dahmm, and City of Elkins, violated her constitutional right to due process of law, actionable under 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages as well as attorney's fees.

At the outset the court notes that plaintiff has failed to allege that any of the actions of which she complains were undertaken pursuant to a policy or custom of the City of Elkins. This omission is normally fatal in itself. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, although defendants have failed to point it out, punitive damages are not recoverable in an action against a municipality in an action under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

Defendants, Dahmm and City of Elkins, begin their argument by pointing out that state courts are courts of general jurisdiction. From that proposition defendants extrapolate that, therefore, it can be presumed that the state courts have jurisdiction of the instant matter. Even if this is true, however, it is completely irrelevant. State courts may have concurrent jurisdiction of claims arising under § 1983 if the state chooses to allow such claims to be brought in its courts, *see Howlett v. Rose*, — U.S. —, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), however what federal actions a state allows or does not allow to be brought in its courts is immaterial insofar as the jurisdiction of the federal judiciary is concerned. A state cannot divest the federal courts of jurisdiction over a claim properly within federal jurisdiction. In other words, whether state courts have jurisdiction over a claim has nothing to do with whether a plaintiff has stated a federal claim or whether the federal courts have jurisdiction over the claim.

Defendants next urge that the actions of defendant, Dahmm, were authorized by state law. This may or may not be true, but other than lending credence to plaintiff's argument that these defendants acted "under color of state law," this proposition is likewise irrelevant to the issue of whether plaintiff was deprived of property in violation of plaintiff's *federal* rights to due process of law. Secondly, it is not at all clear that defendants' actions were, in fact, authorized by law.

§§ 27–50–1205 provides that a law enforcement officer observing an unattended vehicle on or near a public way shall "tag" the vehicle, and then, the "law enforcement agency involved" shall order the vehicle to be removed at the end of the time periods specified in § 27–50–1202(a). These time periods are twenty-four hours in the case of a vehicle left within three feet of a

public way and seventy-two hours in the case of a vehicle left more than three feet from a public way.

From the complaint it appears that defendant, Dahmm, is a city policeman for the City of Elkins. It also appears from the complaint that plaintiff's vehicle was left unattended on a roadway outside of the City of Elkins. There is a question as to whether defendant, Dahmm, is a "law enforcement officer" with regard to actions taken outside of the territorial limits of the jurisdiction under which he holds office. *See Perry v. State*, 303 Ark. 100, 794 S.W.2d 141 (1990). According to the Arkansas Supreme Court in *Perry*, there are few instances in which a police officer may act as a police officer extraterritorily.[1]

Therefore, at least from the allegations of the complaint, it is likely that defendant, Dahmm, was not acting as a law enforcement officer with regard to the towing of plaintiff's vehicle. Further, as the vehicle was beyond the city limits, it is doubtful that the City of Elkins Police Department was the appropriate "law enforcement agency involved," within the meaning of § 27–50–1206.

Finally, as the complaint is silent on this point, it is possible that plaintiff's vehicle was parked more than three feet from the roadway, in which case plaintiff's vehicle was not subject to being towed until seventy-two hours from the first "tagging" of the vehicle.[2] *See* § 27–50–1205. Therefore, it is not at all impossible that plaintiff's vehicle was towed prematurely in violation of the statutory scheme.

For purposes of this motion to dismiss, the question is whether, even assuming the vehicle was improperly towed, the plaintiff was thereby deprived of her property without procedural protections required by the due process clause. The Fourteenth Amendment protects only against deprivations of property "without due process of law." *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The constitutional issue is what process was due the plaintiff. It appears settled that municipalities authorizing the towing of unlawfully abandoned or unattended vehicles are not required by the Constitution to establish pre-deprivation notice and hearing procedures. *See Allen v. City of Kinloch*, 763 F.2d 335 (8th Cir.1985); *Breath v. Cronvich*, 729 F.2d 1006 (5th Cir.), *cert. denied*, 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 268 (1984); *Sutton v. City of Milwaukee*, 672 F.2d 644 (7th Cir.1982).

Due process does require that the plaintiff have, at a meaningful time and in a meaningful manner, an opportunity to challenge the seizure of her property. *See, Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). If state law provides a meaningful post-deprivation remedy for random and unauthorized action by state or local employees, due process is satisfied. *See Parratt; Hubenthal v. County of Winona*, 751 F.2d 243 (8th Cir.1984).

However, the cases stress that the state *must* provide an owner of such an automobile notice and an opportunity to contest the lawfulness of the towing and/or any towing or storage fees within a *reasonably brief* period after the initial deprivation. *See Watters v. Parrish*, 402 F.Supp. 696 (W.D.Va.1975); *Anderson v. Rizzo*, 469 F.Supp. 683 (E.D.Pa.1979) (Class action); *Tedeschi v. Blackwood*, 410 F.Supp. 34 (D.Conn.1976); *Craig v. Carson*, 449

---

**1.** The noted exceptions are "fresh pursuit" codified as § 16–81–301; arrests made pursuant to warrant, *see* § 16–81–105; situations in which a local law enforcement agency requests an outside officer to enter the local jurisdiction from an outside law enforcement agency which has a written policy regulating the extraterritorial conduct of its officers, *see* § 16–81–106; and when a county sheriff requests that an officer from a contiguous county enter the county to investigate and make arrests for violations of the drug laws. *See* § 5–64–705.

**2.** Actually, the statute does not specifically state that a vehicle left more than three feet from a roadway may be towed after seventy-two hours. The statute states that a vehicle within three feet of a public way may be removed within twenty-four hours of tagging. However, § 27–50–1202 provides that a vehicle more than three feet from a public way is not "unattended" unless seventy-two hours has elapsed without a person in apparent charge of the vehicle.

F.Supp. 385 (M.D.Fla.1978). At least one court has held that prepayment of towing and storage fees may be constitutionally required only if the statutory scheme allows for a post-seizure hearing within forty-eight hours and for release of the vehicle without such payment in the event it is determined that there was an insufficient factual or legal basis for impounding the vehicle. *See Goichman v. Rheuban Motors, Inc.,* 682 F.2d 1320 (9th Cir.1982). An owner is absolutely entitled to a prompt post-seizure hearing to determine the lawfulness of the deprivation if payment of fees is a pre-condition to return of the vehicle. *See Draper v. Coombs,* 792 F.2d 915 (9th Cir.1986). One such scheme was upheld only because a post-seizure hearing was available virtually on demand during business hours at which the fees were immediately reimbursed if the owner prevailed. *See Goichman v. Aspen,* 859 F.2d 1466 (10th Cir.1988).

The statutory towing scheme does not, itself, grant any rights to a hearing at any time. As such, it is at once constitutionally suspect. In this regard the court notes that only unattended or abandoned vehicles, as defined by § 27–50–1202(a) and (b), are subject to removal or towing under §§ 27–50–1201 *et seq.* Only if the vehicle in question is abandoned or unattended is the owner liable for the costs of removal, storage and administrative processing. *See* § 27–50–1204. Further, only if the vehicle is unattended or abandoned does the towing-storage firm acquire a possessory lien. *See* § 27–50–1208. Finally, only if the vehicle is properly subject to the possessory lien provisions of § 27–50–1208 may such a lien be foreclosed by public sale of the vehicle. Certified notice to the owner of the vehicle must be sent within five working days of the time that the storage facility takes possession. § 27–50–1208. That notice must state that "should the owner consider that the original taking was improper or not legally justified, he has a right to contest the taking in a court of competent jurisdiction." § 27–50–1208(d)(6).

As the cases cited above indicate clearly, in order to comply with due process, the owner must be able to challenge the seizure of the vehicle, at least before the sale contemplated by §§ 27–50–1209—1210. If the owner establishes that the vehicle was seized without authority or otherwise improperly, the owner must be able to reclaim the automobile without payment of towing or storage fees or recover the value of the automobile as of the date of wrongful taking. The owner must be able to effect a "stay" of the sale of the vehicle while he pursues a challenge to the original taking.

If there were no case law on this point in this jurisdiction, the court could be inclined, in a proper setting, to declare the statutory scheme violative of due process. However, in the *Allen* case cited above, Judge Henley concluded that because the owner of a wrongfully towed vehicle could bring an action in replevin under Missouri law to recover the vehicle or its value, as well as damages for the wrongful taking the state remedy was adequate.

The court assumes that these remedies were and are yet available to the plaintiff in Arkansas. *See* Ark.Code Ann. §§ 18–60–801 *et seq.* Although plaintiff has paid the $256.00 towing and storage fee in order to regain possession of her vehicle, the court assumes that plaintiff may yet initiate a modern statutory or common law action in state court to recover the fees paid and any damages occasioned by the loss of use of the vehicle. Whether defendant, Dahmm, would be immune in tort by virtue of his questionable status at the time as a city police officer, or whether he lost his immunity by action *ultra vires* need not be resolved at this time, for there does not appear to be any barrier to plaintiff's pursuing of a claim against defendant, Hayes. If, for some reason Hayes is immune, then it is likely that a court would find the state post-deprivation remedies inadequate to satisfy due process. The court recognizes that holding the towing and storage companies liable for the wrongful towing of a vehicle means that they, to some extent, act at their peril when responding to a law enforcement officer's order to confiscate a vehicle, yet, if the owner of a wrongfully towed automobile is provided no recourse,

it is plain that due process would be violated.

In accordance with the foregoing, the court concludes that plaintiff has failed to allege any violation of her federal constitutional rights because she has failed to allege that state law does not afford her a meaningful and expeditious remedy. Plaintiff is, of course, free to pursue such a remedy in state court. Should it appear that the state remedy is inadequate for some reason unknown to this court, plaintiff may, at that time, pursue her constitutional claims.

The court has *sua sponte* inquired into the court's subject-matter jurisdiction of plaintiff's separate claim against defendant, Hayes. From the allegations of the complaint, it is clear that there is none. Accordingly, plaintiff's complaint will be dismissed *in toto*.