The Honorable Charlie Cole Chaffin State Senator Route 3, Box 1057 Benton, AR 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the following question:
 If a police officer is in fresh pursuit with blue lights and siren on and stops someone outside the city limits for an infringement of the law which occurred in the city limits and that person resists arrest, can they charge him for resisting arrest and it be held in City Court?
In my opinion, the answer to your question is "no." As noted herein below, it appears that all charges arising out of this course of conduct would best be filed in a court with county-wide jurisdiction.
The jurisdiction of city courts is set out in A.C.A. §16-88-101(a)(3)(A) (1987):
 City and police courts shall have exclusive jurisdiction of all prosecutions and actions for infractions of the bylaws or ordinances of the city or town in which they are located, concurrent jurisdiction with the circuit courts and justices' courts of prosecutions for misdemeanors committed in the town or city, and also concurrent jurisdiction in the cases provided by the special statutes creating or regulating such courts.
See also A.C.A. § 16-88-105 (1987).
You indicate that the offense in question, resisting arrest, occurred outside the city limits. For that reason, even though the offense is a misdemeanor under state law, see A.C.A. §5-54-103 (Cum. Supp. 1991), it appears that the city court would not have jurisdiction over it. Similarly, the existence of a city ordinance or bylaw prohibiting the same conduct would not appear to give the city court jurisdiction over the offense because, presumably, such an ordinance or bylaw would not apply to conduct occurring outside the city.
While the fact that the officer was in fresh pursuit of the individual would extend the officer's arrest authority beyond the boundaries of the city, see A.C.A. § 16-81-301 (1987), it would not appear to likewise extend the jurisdiction of the city court to encompass this offense. Additionally, while statutory authority provides that either of two counties involved in a situation such as the one you describe would have jurisdiction over both offenses, see A.C.A. § 16-88-108 (1987), Cozzagliov. State, 289 Ark. 33, 709 S.W.2d 70 (1986), and Ellis v.State, 291 Ark. 72, 722 S.W.2d 575 (1987), there does not appear to be a similar statute extending the jurisdiction of cities in such circumstances. As it is well-established that cities have no powers other than those expressly granted them by the legislature or necessarily implied as incident thereto, it is my opinion that the city court would not have jurisdiction over the offense of resisting arrest under these circumstances. See City of LittleRock v. Raines, 241 Ark. 1071, 411 S.W.2d 486 (1967); City ofArgenta v. Keath, 130 Ark. 334, 197 S.W. 686 (1917). The offense could properly be charged either in municipal court or circuit court, both of which have county-wide jurisdiction. See A.C.A. § 16-17-206 (Cum. Supp. 1991); A.C.A. § 16-17-502 (1987).[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
WB/CCT:ch
[1] As a practical matter, filing all charges arising out of this set of circumstances in an appropriate court with county-wide jurisdiction would avoid potential jurisdiction, joinder, and double jeopardy problems. See, e.g., Cozzagliov. State, supra.