The Honorable Bobby Lee Trammell State Representative 5213 Richardson Drive Jonesboro, Arkansas 72401-9686
Dear Representative Trammell:
This is in response to your request for an opinion concerning the City of Gilmore and its issuance of traffic tickets. You state that the city police were making traffic stops on a state highway, and the area was recently designated a "speed trap" pursuant to A.C.A. § 12-8-401 et seq. With regard to this matter, you have presented the following two questions:
 1. Can the City continue to issue warrants on tickets that were written after Gilmore passed the 30% expenditure threshold that caused it to be declared a "speed trap"?
 2. Does the City of Gilmore have the authority to enter other jurisdictions to serve arrest warrants for unpaid traffic tickets issued at any time, but most particularly since crossing the 30% threshold?
It is my understanding that you are referring to tickets issued prior to the date that the prosecuting attorney ordered the municipality to cease patrolling the affected highway. It is also my understanding that the City of Gilmore crossed the so called thirty percent threshold several months prior to the prosecuting attorney's actual determination that the municipality was in fact abusing its police power. Under these circumstances, it is my opinion that the answer to both of your questions is "yes."
Under the Arkansas Speed Trap Law, A.C.A. § 12-8-401 et seq. (as amended by Acts 211 and 842 of 1997), it shall be presumed that a municipality is abusing police power upon a finding that:
 The amount of revenue produced by fines and costs from traffic law violations for which citations were written by the police department of the affected municipality occurring on the affected highways exceeds thirty percent (30%) of the affected municipality's total expenditures, less capital expenditures and debt service, in the preceding year.
A.C.A. § 12-8-403(b)(1). Once the prosecuting attorney of the judicial district in which the municipality is located makes thedetermination that the municipality is abusing its police powers, the prosecuting attorney has the power to issue the following sanctions:
 (1) Order that a municipality abusing police power shall cease patrolling any or all affected highways; and
 (2) Order that all or any part of future fines and court costs received from traffic law violations or misdemeanor cases where the location of the offense is an affected highway shall be paid over to the county general fund of the county in which the municipality is located.
A.C.A. § 12-8-404(a). The Arkansas Speed Trap Law does not provide for any further sanctions against the municipality. It should, however, be noted that any violation of the sanction against patrolling an affected highway by any police officer shall constitute a Class A misdemeanor for each citation, summons, or misdemeanor arrest made in violation of the order. A.C.A. §12-8-404(b).
With regard to your first question, it is again my understanding that you are concerned with the validity of tickets issued between the date that the thirty percent threshold contemplated in §12-8-403(b)(1) was purportedly reached and the date that the prosecuting attorney in fact made the determination that the municipality was abusing its police power. Once the prosecuting attorney determines that a municipality is abusing police power, he may order the municipality to cease patrolling the affected highway and may order that future fines and court costs received from traffic law violations in the affected area be paid to the county. The prosecuting attorney, however, is not granted any authority with regard to nullifying tickets previously issued. Accordingly, it is my opinion that a city is not prohibited from issuing warrants on tickets that were written after the city passed the thirty percent threshold contemplated in §12-8-403(b)(1), but prior to the prosecuting attorney's determination that the municipality was abusing police power.
As to your second question, the State of Arkansas has authorized local police officers to act outside their territorial jurisdiction when they have a warrant of arrest. Perry v. State,303 Ark. 100, 794 S.W.2d 141 (1990); A.C.A. § 16-81-105 (1987) ("[a]ny peace officer to whom any criminal summons or warrant of arrest is directed may serve or execute it in any county in the state").
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh