The Honorable Stanley Russ State Senator Post Office Box 787 Conway, Arkansas 72032-0787
Dear Senator Russ:
This is in response to your request for an opinion on the following three questions concerning the regulation of ambulance services:
 1. May cities in Faulkner County, through ordinances or resolutions, regulate the ambulance service that serves them?
 2. May those cities regulate the ambulance service that serves the fire districts that surround them?
 3. May volunteer fire departments regulate the ambulance service that serves their district?
It is my opinion that the answer to your first question is generally "yes," and the answer to your second question is "no." The answer to your third question will depend upon the particular facts and circumstances.
Question 1 — May cities in Faulkner County, through ordinances orresolutions, regulate the ambulance service that serves them?
In my opinion, the Municipal Ambulance Licensing Act, A.C.A. §§ 14-266-101
to -110 (1987 and Supp. 1995), authorizes cities of the first and second class to regulate the ambulance services that serve their city.[1] Seealso A.C.A. § 14-43-601(b) (1987) (cities of the first class have the authority to enact regulations concerning ambulances and ambulance companies). Arkansas Code Annotated § 14-266-102(a) provides in part:
 (1) It is legislatively determined that it may be desirable for cities of the first class and second class within this state to be authorized and empowered to own, operate, permit, control, manage, franchise, license, and regulate emergency medical services, emergency medical technicians, emergency and nonemergency ambulances, ambulance companies, their relative properties, facilities, equipment, personnel, and any and all aspects attendant to providing emergency medical services and ambulance operations as the cities may deem proper to provide for the health, safety, and welfare of their citizens.
 (2) In addition, it is legislatively determined that, in order to accomplish the purposes enumerated in this chapter, it may also be necessary for the cities, in addition to all other powers granted in this chapter, to enact and establish standards, rules, and regulations that are equal to, or greater than, the minimum standards, rules, and regulations established by the state, pursuant to §§ 20-13-201—20-13-209
and 20-13-211, concerning emergency medical services, emergency medical technicians, ambulances, ambulance companies, their relative properties, facilities, equipment, personnel, and any and all aspects attendant to providing emergency medical services and ambulance operations within the boundaries of their respective cities.
Further, A.C.A. § 14-266-105(a) provides in part that cities of the first and second class are authorized:
 (1) To enact and establish standards, rules, and regulations which are equal to or greater than those established by the state concerning . . . emergency and nonemergency ambulances, and ambulance companies, as defined under §§ 20-13-201—20-13-209 and 20-13-211; however, the standards, rules, and regulations shall not be less than those established by this state;
 (2) To . . . regulate . . . ambulances, ambulance companies, and their relative properties, facilities, equipment, personnel, and any and all aspects attendant to . . . ambulance operations, whether municipally owned or otherwise, including, but not limited to, rates, fees, charges, or other assessments as the cities consider proper to provide for the health, safety, and welfare of their citizens; . . .
 (5) To regulate all intracity patient transports and intercity and intracounty patient transports originating from within the regulating city. However, this chapter shall not restrict or allow local regulation of not-for-hire on a fee-for-service basis transportation, any intercounty patient transports, or intercity patient transports to or from medical facilities within the regulating city originating from anywhere outside the regulating city. . . .
Finally, A.C.A. § 14-266-105(c) provides that "The city shall have the same authority to regulate nonemergency ambulance services." Accordingly, it is my opinion that pursuant to the Municipal Ambulance Licensing Act cities of the first and second class may regulate the ambulance service that serves the city.
Question 2 — May those cities regulate the ambulance service that servesthe fire districts that surround them?
The authority of municipal corporations to exercise powers beyond their territorial limits must be derived from some state statute. Perry v.State, 303 Ark. 100, 794 S.W.2d 141 (1990). It is my opinion that the Municipal Ambulance Licensing Act does not permit a city to generally regulate an ambulance service operating outside the territorial limits of the city, see A.C.A. § 14-266-102(a)(2), and I have found no other statutory authority that would permit a city to regulate an ambulance service operating outside the territorial limits of the city. It is, therefore, my opinion that a city may not regulate the ambulance service that serves a fire district outside the territorial limits of the city.[2] A city, however, is permitted to regulate intercity and intracounty patient transports originating from within the regulating city. A.C.A. § 14-266-105(a)(5).
Question 3 — May volunteer fire departments regulate the ambulanceservice that serves their district?
In my opinion, the answer to this question will depend upon the particular facts and circumstances. Under Arkansas law a "volunteer fire department" may take one of any number of legal forms. Such departments may be incorporated as purely private nonprofit corporations, as fire protection districts under A.C.A. § 14-284-101 et seq. or § 14-284-201 etseq., as suburban fire improvement districts under A.C.A. § 14-92-201 etseq., as a county "volunteer fire department" under A.C.A. §14-20-108(c), or as a county created subordinate service district under A.C.A. §§ 14-14-708 and -709 (1987). See Op. Att'y Gen. 96-114.
Fire protection districts formed pursuant to either A.C.A. § 14-284-101et seq. (fire protection districts generally) or A.C.A. § 14-284-201 etseq. (fire protection districts outside of cities and towns) are governed by a board of commissioners. See A.C.A. §§ 14-284-104—111 and §§14-284-208—212. Section 14-284-102, as amended by Act 1093 of 1997, provides that a district formed pursuant to § 14-284-101 et seq. may provide ambulance services. Similarly, A.C.A. § 14-284-201, as amended by Act 1093, provides that a district formed pursuant to § 14-284-201 etseq. may provide ambulance services. Thus, if the board of commissioners for a fire protection district formed pursuant to either § 14-284-101 etseq. or § 14-284-201 et seq. elects to provide ambulance services, then the board of commissioners may "regulate" that service.
It is, however, my opinion that volunteer fire departments have no express statutory authority to regulate ambulance services that are operating in their district.[3] In the absence of express statutory authority, I must conclude that a volunteer fire department is generally prohibited from regulating ambulance services that are operating in their district. Thus, if a fire protection district formed pursuant to either § 14-284-101 et seq. or § 14-284-201 et seq. does not "provide" the ambulance service as contemplated in Act 1093, it would not have authority to regulate such service. Similarly, if the volunteer fire department is actually a suburban fire improvement district (A.C.A. §14-92-201 et seq.) or if it was formed as a county subordinate service district (A.C.A. §§ 14-14-708 and -709), then such volunteer fire departments have no statutory authority to regulate the ambulance service that serves their district.[4]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It must be noted that the Municipal Ambulance Licensing Act specifically provides that "Nothing in this chapter shall apply to nonprofit or hospital-based ambulance services operated on November 1, 1981, by a nonprofit organization or an Arkansas hospital licensed by the Department of Health." A.C.A. § 14-266-104 (1987).
[2] A county possesses the power to impose reasonable regulations upon the providers of ambulance services within the county. See Op. Att'y Gen. 95-311. Also, a city might have some regulatory authority if the city and county entered into an Interlocal Cooperation Agreement in order to provide ambulance services.
[3] The Municipal Ambulance Licensing Act, A.C.A. § 14-266-101 et seq., expressly authorizes cities of the first and second class to regulate the ambulance services that serve their city, and a county is expressly empowered to exercise local legislative authority, which includes the power to impose reasonable regulations upon the providers of ambulance services within the county, see Op. Att'y Gen. 95-311.
[4] Suburban improvement districts and subordinate service districts may be established to provide more than one service, and ambulance services are an authorized purpose. See A.C.A. § 14-92-219 and §14-14-708. Thus, the board of commissioners of a suburban improvement district or the governing body of a county subordinate service district may have some regulatory authority depending on the particular circumstances.