The Honorable Steve Harrelson State Representative 1206 North State Line Avenue Texarkana, Arkansas 71854-4969
Dear Representative Harrelson:
I am writing in response to your request for an opinion on A.C.A. § 16-81-115, which addresses the powers of certified law enforcement officers in adjoining states working in municipalities within a mile of the Arkansas border. You state the following question and related facts:
 I am inquiring as to whether this statute gives law enforcement officers from adjoining states that fit within subsection (a) of the statute the authority to make arrests in Arkansas. The Texarkana, Texas City Attorney's interpretation of this statute is that such officers are not entitled to arrest pursuant to A.C.A. § 16-81-106. . . .
 As it now stands, there is legislation in Texas allowing law enforcement authorities from Texarkana, Arkansas to make arrests. If we can resolve the issue of whether out of state law enforcement authorities can make arrests in this state, the cities of Texarkana can move forward with finalizing an inter-local agreement to allow each agency to operate in each jurisdiction.[1] I would appreciate an opinion from your office as to whether Texarkana, Texas law enforcement officers can make arrests inside the borders of Arkansas.
RESPONSE
In my opinion the answer to your question is "yes," A.C.A. §16-91-115 does grant the Texas officers described therein the power to make arrests in Arkansas under the circumstances authorized.
It is clear as an initial matter that "A local peace officer acting without a warrant outside the territorial limits of the jurisdiction under which he holds office is without official power to apprehend an offender, unless he is authorized to do so by state statute." Perry v. State, 303 Ark. 100, 794 S.W.2d 141
(1990), citing Logan v. State, 264 Ark. 920, 576 S.W.2d 203
(1979); 5 Am. Jur. 2d Arrest 50 (1962); 6A C.J.S. Arrest 53 (1975); and Annotation, Validity, In State Criminal Trial, OfArrest Without Warrant By Identified Peace Officer Outside ofJurisdiction, When Not in Fresh Pursuit, 34 A.L.R.4th 328 (1984). It has also been stated that:
 The traditional concept of territorial jurisdiction for peace officers is a sound one since a local community is best served by the requirement that local officers familiar with local neighborhoods make arrests in the community. People v. Hamilton, 666 P.2d 152 (Colo. 1983). If such a concept were not followed, a Pocahontas policeman could make an arrest in Paragould, a Texas Ranger could make an arrest in Fordyce, and a K.G.B. agent could make an arrest in Fort Smith. Such a "practice would lead to more violence than it would suppress."
Perry, supra at 103, quoting McCaslin v. McCord,116 Tenn. 690, 94 S.W. 79 (1906).
You mention two statutes in your request for an opinion. The first is A.C.A. § 16-81-115, adopted by virtue ofAct 272 of 2005. It provides as follows:
 (a) A certified law enforcement officer from an adjoining state who is in Arkansas shall have the authorization to act as described in subsection (b) of this section if the officer is:
 (1) Regularly assigned to duty in a municipality that is within one (1) mile of an Arkansas border;
 (2) On duty in his or her regularly assigned municipality at the time he or she enters the city limits of the Arkansas municipality; and
 (3) Within the city limits of the Arkansas municipality that adjoins the municipality to which the officer is regularly assigned.
 (b) If the governing body of an Arkansas municipality authorizes it, a certified law enforcement officer who meets the requirements of subsection (a) of this section:
 (1) Has the same powers, duties, and immunities as a certified law enforcement officer of Arkansas who is acting in the discharge of an official duty; and
 (2) May enforce Arkansas law and the ordinances of an Arkansas municipality.
This statute thus gives such out-of-state certified law enforcement officers "the same powers, duties, and immunities as a certified law enforcement officer of Arkansas. . . ." Id. at (b)(1). Your question is whether these powers include the power to make arrests in Arkansas. You state that the Texarkana, Texas City Attorney does not interpret the statute as authorizing this power, based, at least in part, on A.C.A. § 16-81-106, entitled "Authority to arrest." This latter statute lists the various officers and persons authorized to make arrests in Arkansas and the circumstances under which they may make such arrests. It addresses arrests by certified law enforcement officers and by private persons. A.C.A. § 16-81-106(a); (b); and (d). It addresses the authority of certified law enforcement officers to make arrests outside their jurisdictions. A.C.A. § 16-81-106(c). It lists a number of persons employed as full-time law enforcement officers by the federal, state, county, or municipal government as having authority to make arrests. A.C.A. §16-81-106(f); (g); and (i). It also grants certified Arkansas law enforcement officers the same power, duties, and immunities of peace officers of the State of Texas when Arkansas officers transport inmates from border cities to medical facilities for certain purposes in the State of Texas. A.C.A. § 16-81-106(h).
The Texarkana, Texas City Attorney is apparently concerned about the ability of Texas certified law enforcement officers to make arrests in Arkansas, in light of the fact that such authority is not referred to or mentioned in A.C.A. § 16-81-106, which specifically details arrest power in Arkansas. The powers given to certain out of state certified law enforcement officials by the new 2005 act, were instead conferred in a new section (A.C.A.16-81-115), and that section does not specifically mention the power to arrest, stating merely that such out of state officers within the terms of the statute shall have the same "powers, duties and immunities" of Arkansas certified officers.
If Texas law enforcement officers are to make arrests in Arkansas, in my opinion they must be statutorily authorized to do so. See Op. Att'y Gen. 2004-266 (opining that the cities of Texarkana, Arkansas and Texarkana, Texas could enter into an interlocal cooperation agreement to cooperate in providing law enforcement, but noting that specific statutory authorization would be needed for Texas law enforcement officers to make arrests in Arkansas). The question presented is whether A.C.A. §16-81-115 provides this authorization. In my opinion, although the statute could be clearer on this point, the answer is "yes," A.C.A. § 16-81-115 does authorize Texas certified law enforcement officers to make arrests in Arkansas, under the limitations as set out in A.C.A. § 16-81-115.
The applicable statute grants out of state certified law enforcement officers "the same powers, duties, and immunities as a certified law enforcement officer of Arkansas . . ." when the provisions of the statute are met. In my opinion the plain language of this provision includes the power of arrest, which of course is a power invested in Arkansas certified law enforcement officers.
It has been stated with regard to the construction of statutes that:
 The basic rule of statutory construction is to give effect to the intent of the legislature. Arkansas Dep't of Economic Development v. William J. Clinton Presidential Foundation, ___ Ark. ___, ___ S.W.3d ___ (Oct. 27, 2005). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. Id. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Id.
Ainsworth v. State, ___ Ark. ___, ___ S.W.3d ___ (CR 06-299 (Ark.Sup.Ct. 9-28-2006)).
Section 16-81-115 does not specifically mention the power of arrest, however, and is not codified with the applicable statute detailing arrest powers. Some uncertainty is therefore understandable on the issue. As a general rule, however, in construing any statute, the courts will place it beside other statutes relevant to the subject matter and ascribe meaning and effect to be derived from the whole. State v. Sola,354 Ark. 76, 118 S.W.3d 95 (2003). In addition, unambiguous statutes are construed looking to all laws on the subject, viewing them as a single system, and giving effect to the general purpose of the system. Arkansas County v. Desha County, 342 Ark. 135,27 S.W.3d 379 (2000). Finally, in ascertaining an act's intent, the appellate court examines the statute historically, as well as the contemporaneous conditions at the time of the enactment, the object to be accomplished, the remedy to be provided, the consequences of interpretation, and matters of common knowledge within the court's jurisdiction. Doe v. Baum, 348 Ark. 259,274, 72 S.W.3d 476 (2002), citing Rogers v. Tudor Ins. Co.,325 Ark. 226, 925 S.W.2d 395 (1996); Henson v. Fleet Mortgage Co.,319 Ark. 491, 892 S.W.2d 250 (1995); and City of Little Rock v.AT T Communications of the S.W., Inc., 318 Ark. 616,888 S.W.2d 290 (1994).
In light of the plain language of the statute, the historical context and contemporaneous conditions (including the conclusion of Op. Att'y Gen. 2004-266, to which Act 272 of 2005 presumably responds), in my opinion A.C.A. § 16-81-115 does authorize Texas certified law enforcement officers to make arrests in Arkansas under the conditions listed. The fact that the authorization was placed by the General Assembly in a new section (A.C.A. §16-81-115), and not in A.C.A. § 16-81-106, does not in my opinion indicate that the power of arrest was not a power conferred by the broad, plain language of the Act. Cf. A.C.A. § 1-2-115
(stating that the "classification and organization of the titles, subtitles, chapters, subchapters, sections, subsections, and subdivisions of this Code, and any headings thereto, are made for the purpose of convenient reference and orderly arrangement, and no implication, inference, or presumption of a legislative construction shall be drawn therefrom").
In my opinion therefore, the answer to your question is "yes."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] In Op. Att'y Gen. 2004-266, I opined that although the Arkansas "Interlocal Cooperation Act" (A.C.A. §§ 25-20-101 to -108 (Repl. 2002 and Supp. 2005)), authorized an agreement for mutual assistance in law enforcement between the Texarkana, Texas and Texarkana, Arkansas police departments, officers of a Texas city could not make arrests in Arkansas without specific statutory authority in Arkansas or without obtaining the certification required under A.C.A. § 12-9-106 (Repl. 1999).Act 272 of 2005, which is codified at Section 16-81-115 of the Arkansas Code (the statute about which you inquire), was enacted after the issuance of that opinion.