The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, AR 72173-9335
Dear Representative Scroggin:
You have requested my opinion on the following questions concerning municipal fire departments:
 1. Do municipal fire departments fall under the same rules as rural volunteer fire departments?
 2. Can municipal fire departments set their boundaries using those that are set forth in the attached codes?
The "attached codes" under your second question presumably are those cited in the city ordinance that was enclosed with your request (City of Vilonia Ordinance 2004-4 (April 20, 2004), entitled "An ordinance establishing extended fire boundaries outside of the corporate limits of the City of Vilonia, Arkansas."). The Code sections cited in the ordinance are A.C.A. §§ 14-56-201, -403, -413 and 14-53-102.
RESPONSE
Your first question does not lend itself to a simple "yes" or "no" because the answer will depend upon the particular "rule" at issue. There is no general law providing that municipal fire departments and volunteer fire departments fall under the same rules. Some laws do apply, however, to both types of fire departments. See, e.g., A.C.A. 14-284-401 et seq.
(regarding disbursement of insurance premium taxes).
I am similarly constrained in responding to your second question because I do not believe this can be satisfactorily addressed without establishing the particular meaning of the term "boundaries" as used in the question or in the ordinance you have submitted. It also appears from the information provided that the answer to this question may have implications for a matter that is currently in dispute. The opinions rendering function of this office is not the proper forum for the resolution of such matters. While I am consequently unable to definitively answer your particular question in this regard, I will nevertheless outline what I believe are the general guiding principles in this area of law.
As a general matter, a city is authorized, pursuant to A.C.A. § 14-53-102
(Supp. 2003), to provide by ordinance for the operation of its fire department beyond the corporate limits. Because this Code section is central to your question regarding a municipal fire department's "boundaries," I will set out the pertinent language. Subsections (a) and (b) of § 14-53-102 state in relevant part:
 (a)(1) In order to prevent the destruction by fire of property located outside the corporate limits of cities and towns and in order to lessen the loss caused on account of insufficient means to combat fires and as a protection against such loss, the city council or other governing body of any city or town having an organized fire department may provide by ordinance that the fire fighting machinery and equipment, with the necessary fire fighters to operate it, may be used to combat fires beyond the corporate limits of any city or town, upon such terms, conditions, and restrictions as may be prescribed in the ordinance.
 (2)(A) If the city council or other governing body of any city or town enacts an ordinance to provide that its fire department may operate beyond its corporate limits, then the governing body of the city or town may further provide that necessary facilities may be built or constructed outside the corporate limits to house the fire fighting machinery, equipment, and the fire fighters in order to properly combat fires beyond the corporate limits, but only if:
 (i) There are no active fire protection services offered in the area beyond the corporate limits of the city or town where the facilities are to be constructed; and
 (ii) The county quorum court approves of the construction of the fire fighting facilities by a county ordinance.
 (B) However, a city or town may construct necessary facilities to house the fire fighting equipment in areas where fire protection services currently exist if, in addition to the requirement of subdivision (a)(2)(A) of this section, the construction is approved by a unanimous vote of the board of directors of the fire department serving that area outside the corporate limits.
 (b)(1) When the organized fire department of a city or town combats a fire beyond the corporate limits of the city or town, a reasonable effort must be made for ninety (90) days to obtain compensation or reimbursement for the services from the property owner involved.
 (2) If the city or town is unable to obtain payment or reimbursement from the property owner for the services within the ninety-day period, the county wherein the property is located may reimburse the municipality for the service in an amount not to exceed two hundred dollars ($200).[1]
Of the Code sections cited in City of Vilonia Ordinance 2004-4, Section14-53-102 is the only one, in my opinion, that provides authority for municipal fire departments to fight fires outside city limits.[2] It is my opinion that this Code section establishes the necessary legislative authorization of a municipality's exercise of its fire fighting powers beyond territorial limits. Cf. Perry v. State, 303 Ark. 100, 102,794 S.W.2d 141 (1990) (regarding territorial jurisdiction for peace officers, wherein the court reaffirmed the rule, previously stated inCity of Argenta v. Keath, 130 Ark. 334, 340, 197 S.W. 686 (1917), that "[t]he authority of municipal corporations to exercise powers beyond their territorial limits must be derived from some state statute, either expressly conferring such powers or granting them by necessary implication.") The other Code sections cited in Ordinance 2004-4 represent general sources of municipal regulatory power (A.C.A. §14-56-201) and planning authority (A.C.A. §§ 14-56-403 and -413). They do not specifically address the matter of a city's extra-territorial fire fighting authority; nor in my opinion is such authority necessarily implied under these statutes, given the specific authorization contained in A.C.A. § 14-53-102.[3]
A city may thus, pursuant to A.C.A. § 14-53-102, provide for the use of its fire department's equipment and personnel to fight fires beyond city limits "upon such terms, conditions, and restrictions as may be prescribed in the ordinance." Whether a city has properly invoked §14-53-102 in a given instance may, however, require separate inquiry. Additionally, with regard to your specific question concerning authority for municipal fire departments to "set their boundaries," it may be necessary to clarify that the "boundaries" of a city fire department are not altered pursuant to § 14-53-102, other than in the sense of identifying the area beyond the city's corporate limits within which the department may operate. If the term "boundaries" is used that sense, the answer to your second is generally "yes," in my opinion, but only pursuant to A.C.A. § 14-53-102, as discussed above. That provision should be referenced for further guidance in determining the exact nature and extent of a city's authority to provide for the operation of its fire department beyond corporate limits.
My uncertainty regarding the particular usage of the term "boundaries" in this instance prevents me from offering a more definitive response to your second question. As noted above, you included with your request a copy of City of Vilonia Ordinance 2004-4, which seeks to "extend and set boundaries for the city fire department." Id. at Section 1. You have also enclosed correspondence between the Arkansas Forestry Commission and the Mayor of Vilonia which relates the fact that there is a "boundary dispute between the Vilonia Fire Department and the East Cypress Volunteer Fire Department."[4] Letter from Robert Summerville, Rural Fire Protection Administrator to Alan Lee, Mayor of Vilonia (June 22, 2004). As reflected in this letter, the Forestry Commission made a finding in 1999 in this matter, and it has declined to reestablish a boundary. I am somewhat uncertain, in light of these circumstances, regarding the precise intent of City of Vilonia Ordinance 2004-4. And I must note that the opinion rendering function of this office is not an appropriate vehicle for interpreting local ordinances or resolving other factual issues. Because your second question likely implicates such matters, I cannot opine further in this regard.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Subsections (c) and (d) of § 14-53-102 address matters pertaining to liability and fire fighters' rights and benefits.
[2] It should perhaps be noted in this regard that although you have provided no information regarding the "city fire department," as it is identified in the Vilonia Ordinance, I am assuming that this is a municipal fire department established pursuant to A.C.A. § 14-53-101, which requires that "[t]he city council shall establish fire departments and provide them with proper engines and such other equipment as shall be necessary to extinguish fires and preserve the property of the city and of the inhabitants from conflagration." A.C.A. § 14-53-101(a) (Repl. 1998). The discussion in this opinion is limited to this type of fire department.
[3] Unincorporated areas of the county may also be served by a municipal fire department pursuant to A.C.A. § 14-284-406(a)(1) (Supp. 2003), if there is no "rural volunteer fire department or fire protection district" which qualifies for the insurance premium tax funds under A.C.A. § 14-284-401 et seq. And municipalities wishing to receive these premium tax moneys must be willing to provide fire protection through "mutual aid agreements" within five-miles of their corporate limits. A.C.A. § 14-284-406(b)(1) (Supp. 2003).
[4] According to my understanding, the Vilonia Fire Department is a municipal fire department as noted above, and the East Cypress Volunteer Fire Department is a private nonprofit volunteer fire department.